WILLIAM H. ADAMSON *vs.* WILLIAM CHENEY.

July 20, 1886.

</div>

**Insolvency—What Persons deemed Creditors.**—Under the provisions of our insolvent act, the person in whose favor a claim against the insolvent is filed and allowed, is the creditor by whom a release must be made and filed, and to whom notice of the time limited for filing releases must be given, if such notice be ordered by the court.

On November 15, 1884, the firm of Hussey & Co. made an assignment in insolvency to defendant. Among the insolvent's creditors was one Schaefer, whose claim, amounting to $65, was proved and allowed in full, $50 thereof being allowed as a preferred claim. Afterwards, and on January 7, 1885, Schaefer assigned the claim to plaintiff, and on the same day notice of the assignment was given to and accepted by defendant. On April 17, 1885, defendant obtained from the district court an order limiting the time for filing claims and releases to May 9th, and directing that a copy of the order be mailed to each creditor. The defendant mailed a copy of the order to Schaefer, but not to plaintiff. The assets were sufficient to pay preferred claims in full, and 11 per cent. on the others. The insolvency proceedings were closed, and defendant and his bondsmen discharged, on October 10, 1885. Neither plaintiff nor Schaefer filed any release, and no part of the claim was paid to either of them. The plaintiff having sued defendant in the municipal court of Minneapolis, for the preferred portion ($50), and $1.50 on the unpreferred portion of the claim, on the ground of negligence in failing to notify

plaintiff of the order of April 17th, the court found the facts to be as above stated, and judgment was ordered and entered for defendant, from which the plaintiff appeals.

*Merrick, Davenport & Thian,* for appellant.

*Torrance & Fletcher,* for respondent.

BERRY, J.    One in whose favor a claim for indebtedness against an insolvent is filed and allowed, is, under our insolvent act, (Laws 1881, c. 148,) as respects such claim, the *creditor,* and the only creditor in the meaning and intent of that act.    This seems to us to be clear from a general reading of the insolvent act, and of chapter 41, Gen. St. 1878, which is, so far as applicable, imported into it; and, what is particularly significant in this particular case, it is clearly inferable from section 10 of chapter 148, which provides that "no creditor of any insolvent debtor shall receive any benefit under the provisions of this act    *    *    *    unless he shall have first filed with the clerk of the district court, in consideration of the benefits of the provisions of this act, a release to the debtor of all claims other than such as may be paid under the provisions of this act, for the benefit of such debtor."    Here "creditor" evidently refers to a person who was creditor at the time of the filing and allowance of the claim, and in whose behalf it was filed and allowed.    The release must be executed by him.    To hold that, after the filing and allowance of his claim, he may assign it so as to make his assign the *"creditor,"* and therefore the person who is to execute the release of all *his* claims other than such as are paid in the course of the proceedings in insolvency, would thwart the manifest spirit and policy of the insolvent act, which clearly is that the creditor in whose favor a claim is filed and allowed, is to receive payment thereof or thereon in consideration of the release of all other claims which he may hold against the insolvent.    He is therefore the creditor who must make and file the release as a prerequisite to payment by the assignee; and, if the court orders notice of the time limited for filing releases to be given to the *creditors* of the insolvent estate, he is *the creditor* to whom notice should be given as respects the claim which has been allowed in his favor.

Judgment affirmed.