GEORGE W. ALLEN *vs.* JOSEPH FORTIER.

July 18, 1887.

**Fraudulent Conveyances—Evidence—Cross-Examination.**— Upon the trial of an action involving transfers of property claimed to be fraudulent as to creditors, *held* error to reject certain questions upon the cross-examination of an alleged fraudulent grantee in respect to the title and ownership of the property in question.

Plaintiff brought this action in the district court for Yellow Medicine county, to recover for the alleged conversion of wheat. The answer denied plaintiff's ownership and set out that the defendant, as sheriff, had levied upon and sold the wheat under an execution against one James Allen. The action was tried by a referee, and upon the

trial, the defendant, on cross-examination, asked the plaintiff who owned the grain at the time it was threshed, and also whether, from all the circumstances, he did not think that the wheat was James Allen's wheat. Upon plaintiff's objection these questions were excluded as incompetent, immaterial and irrelevant, and defendant duly excepted to the rulings. Judgment was directed and entered for plaintiff, from which the defendant appeals.

*John P. Arnott* and *Virgil B. Seward*, for appellant.

*A. C. Forbes* and *O. E. Maxson*, for respondent.

VANDERBURGH, J.[1] The principal question in the case is in respect to the validity of the title of the plaintiff to the grain in controversy, which was levied on and sold by the defendant sheriff as the property of James Allen, the plaintiff's brother, who was the judgment debtor. The grain was raised on the farm of the latter, which had been by him previously leased to the plaintiff. The defence is rested chiefly upon the claim that the lease was merely colorable, and that the plaintiff took the lease and assumed to manage the farm for the benefit of the judgment debtor, and in order to aid him in his attempt to delay or defraud the judgment creditors who caused the levy to be made.

The plaintiff's evidence, as returned, does not appear to be very clear or satisfactory on the subject. It is not necessary to review the testimony, nor to express any opinion upon its weight or value; but upon the state of the case as presented by the record, we are of the opinion that the referee ought not to have rejected the questions asked plaintiff upon the cross-examination in respect to the ownership of the wheat when it was threshed. The question was entirely proper in the form in which it was asked. It is true he had testified on the direct examination that he raised the crop. It also appeared that James, who remained about the premises, assisted, and appeared to be interested in it. The defendant was entitled to make a full and searching examination of the witness upon the questions involved in the case, especially in view of his previous evasive answers. We think the rejection of the question referred to was error,

[1] Berry, J., because of illness, took no part in this case.

and, as it may have been prejudicial to the defendant, there must be a new trial.

Judgment reversed, and new trial granted.

---

[1] Berry, J., because of illness, took no part in this case.