W. W. KIMBALL COMPANY *vs.* ELIJAH M. COON and another.

### December 13, 1890.

**Insolvency — Discharge of All Claims held by a Creditor who Proves Any.**—The judgment of discharge in insolvency proceedings under the act of 1881 discharges the debtor from all claims on debts, whether filed or not, held by a creditor who files a claim and receives a dividend.

**Same—Limitation of Release Filed to Debt Proved.**—The judgment is not controlled by the release filed, as, if the release be limited to the debt filed, the judgment will nevertheless, if entered according to the statute, discharge all claims or debts held by the creditor.

Appeal by defendants from a judgment of $254 for plaintiff, in an action brought in the district court for Olmsted county, and tried by *Start*, J., a jury being waived. The only defence pleaded was the discharge considered in the opinion.

*Chas. C. Willson*, for appellants.

*W. Logan Brackenridge*, for respondent.

GILFILLAN, C. J.   July 9, 1889, defendants made an assignment for the benefit of their creditors under the statute of 1881. In the proceedings the plaintiffs filed a claim against defendants, and it was allowed, and filed a release reciting the facts of the filing and proof of the claim, and in terms releasing the insolvents from "our and each of our claims so filed with said assignee other than such as may be paid under the provisions of said laws for the benefit of said insolvents, and hereby consent that judgment may be entered in said

court discharging said insolvents, and each. of them, from claims by us held and filed with said assignee, subject to the proviso and conditions in said law contained.". The plaintiffs received from the assignee their distributive share of the moneys applicable to payment of debts, and judgment was duly entered in the proceeding, in the form and to the effect prescribed by the statute, adjudging the defendants to be discharged of and from all claims and debts held by any one or more of the creditors named, (among them plaintiff,) "who have so filed releases as provided by law." This action is brought to recover a debt held by them accruing before the insolvency proceedings, and not filed and presented in those proceedings.

The question is, was such debt barred by the judgment in the insolvency proceedings? The respondent argues that the release filed released only the claim filed, and that the judgment cannot be broader in its scope than the release. But it is the judgment, not the release, which discharges the debtor; and the judgment must be such as the law provides. The law, not the release, controls the judgment, and gives to it whatever force it has. No judgment having a less scope than the statute provides can properly be entered. *Nat. German-Am. Bank* v. *Wilder*, 35 Minn. 94, (27 N. W. Rep. 201.) If the release be not such as the statute requires, the party may not be entitled to a dividend; possibly a judgment such as the statute provides for entered upon it would be irregular. But, if it be treated in the proceedings as sufficient, and the proper judgment entered, the judgment, so long as it stands, has the force the statute gives it. It operates as a discharge. The respondent also argues that the court gets jurisdiction of the creditor only through his act and to the extent of the claim which he files. That depends on whether the statute intends the judgment to operate on and discharge all claims and debts which a filing creditor has—those that he does not file, as well as those he files; for one who voluntarily makes himself a party to the proceeding consents to all the jurisdiction which the statute authorizes the court to exercise. And if the court may, by its judgment under the statute, discharge claims not filed, the creditor coming in as a party consents to its exercise of jurisdiction in respect to unfiled as well as filed claims.

The question comes then to this, does the statute intend that the judgment shall discharge all claims or debts of a participating creditor, or only those he has filed? On the terms of the statute (Laws 1881, c. 148,) there can be no doubt. It provides (section 10 of the act) that in order to receive any benefit from the act, the creditor must first have filed "a release to the debtor of all claims other than such as may be paid under the provisions of this act, for the benefit of such debtor; and thereupon the judge or court may direct that judgment be entered discharging such debtor from all claims or debts held by creditors who shall have filed such releases." To hold that not all, but only some particular debt, need be released or discharged, would be wresting the terms of the act from their plain import. One reason why the act ought not to be held to mean less than the terms imply is that it is not solely for the benefit of the creditor. It is true the assignment or appointment of a receiver is in the nature of a sequestration of the property primarily for the benefit of such creditors as shall come in and accept the terms of the act. It is optional with a creditor to come in and receive the benefits of the proceedings on the terms prescribed, or to stay out and rely on the ordinary legal remedies. But the purpose of the act is not merely to seize the debtor's property and distribute its proceeds among his creditors. It has this feature of a bankrupt law, that it intends a benefit to the honest insolvent debtor, to wit, the benefit of a discharge from his debts, so far as the creditors submit themselves to the jurisdiction so that the court can grant such discharge. But the question is really decided in substance, though not perhaps in form, in *Adamson* v. *Cheney*, 35 Minn. 474, (29 N. W. Rep. 71.) In that case a filing creditor had assigned the claim filed, and the question was, which—the creditor or the assignee—was the proper person to execute a release. Certainly the assignee could release the filed claim, and he would have been the proper person to execute the release, had that been the only claim required to be released, but he could not release other claims of the creditor; and the court held that as the creditor is to receive payment on the claim filed in consideration of the release of all other claims which he may hold against the insolvent, he (being the only person who could do so) is the proper

person to execute the release. The decision rests and can be sustained only on the proposition that to entitle a creditor to a dividend all claims or debts held by him, except his claim to the dividend, must be released. The judgment prescribed must be as comprehensive as the release is required to be; and when entered in conformity to the statute it discharges the debtor from all debts held by creditors who make themselves. parties to the proceedings.

Judgment reversed, and the court below will enter judgment for the defendants.