(Opinion published 56 N. W. Rep. 586.)

---

## *In re* FRANK NICOLIN, Insolvent.

Argued Oct. 5, 1893.   Affirmed Oct. 24, 1893.

No. 8365.

**Practice in insolvency. Who may petition to remove an assignee.**
  Any person to whom an insolvent is actually indebted is a "creditor,"
  within the meaning of Laws 1889, ch. 30, § 6, (an amendment to the insol-
  vency act of 1881,) and such creditor need not file his claim with the
  assignee or receiver in order to take part in proceedings, therein provided
  for, to remove such assignee or receiver.

**Same—Hearing upon an order to show cause.**
  A petition under that statute is properly heard upon order to show
  cause, and at the hearing the court may ascertain through competent
  proofs, and determine, as a fact, whether a majority of the creditors, in
  number and in amount, have signed such petition.

Appeal by Frank Nicolin, assignor, and Gerhard Hilgers, his as-
signee, from an order of the District Court of Scott County, *Francis
Cadwell,* J., made May 25, 1893, removing said Hilgers and appoint-
ing Theodore Weiland assignee in his stead.

On March 27, 1893, Frank Nicolin, merchant of Jordan in Scott
County made an assignment under Laws 1881, ch. 148, of all his
non-exempt property to Gerhard Hilgers of the same place in trust
for the equal benefit of all his creditors who should prove their
claims and release him from any part thereof not paid from the pro-
ceeds of the property assigned. His schedule of indebtedness was

filed April 4, 1893, showing his debts to be $160,465 and the names of his creditors, 339 in number. On May 5, 1893, George Mitsch and over two hundred others claiming to be creditors of Nicolin to an aggregate amount exceeding $100,000 petitioned the District Court to remove Hilgers and appoint Theodore Weiland of Shakopee in his stead. That Court made an order requiring Nicolin and Hilgers to show cause if any they had, on May 8, 1893, why the petition should not be granted. After hearing the parties the Court granted the petition and transferred the trust estate to Weiland and directed Hilgers to deliver possession; and to file and settle his account. No creditor had filed proof of his claim and the only evidence presented of the number of creditors and the amount of their several claims was the schedule of liabilities made and filed by the assignor, pursuant to 1878 G. S. ch. 41, § 24. Nicolin and Hilgers objected that this was insufficient proof that the petitioners were creditors and a majority in number and amount under Laws 1889, ch. 30, § 6. The objection was overruled. They excepted and appealed and now assign this ruling as error.

*H. J. Peck* and *Freeman P. Lane,* for appellants.

This Court has determined who are creditors under our insolvency act. *Adamson* v. *Cheney,* 35 Minn. 474; *Olson* v. *O'Brien,* 46 Minn. 87; *In re Scott, Collins & Co.,* 15 Nat. Bank. Reg. 73; *In re Brisco,* 2 Nat. Bank. Reg. 226.

The District Court of Hennepin County, all judges concurring, has held as appellants contend, but the Court below refused to recognize or follow the ruling.

*Davis, Kellogg & Severance* and *Southworth & Coller,* for respondents.

There is no settled case or bill of exceptions in the record and these alleged errors are predicated upon recitals contained in the order as to what took place at the hearing. Questions arising upon the evidence or upon the rulings of the Court can be brought up for review only by bill of exceptions or settled case. *St. Anthony Mill Co.* v. *Vandall,* 1 Minn. 246; *Prouty* v. *Hallowell,* 53 Minn. 488.

As appellants are unable to show error affirmatively upon the

record the order appealed from must be affirmed.    *Teller* v. *Bishop,* 8 Minn. 226; *Blackman* v. *Wheaton,* 13 Minn. 326; *Flibotte* v. *Mullen,* 36 Minn. 144.

In construing a statute the words used will be taken to have their ordinary meaning, unless an intent that they should be understood in a different or more restricted sense is clearly manifest in the statute itself.    A *"creditor"* is a person to whom a debt is owing by another person called a *"debtor."*    There is nothing in this statute to show that "creditor" was here used in a different sense.    *Citizens' Nat. Bank* v. *Minge,* 49 Minn. 454.    Our insolvency law is not identical in its terms with the United States Bankrupt Law of 1867, and the practice under it should not be the same when its terms are radically different.

Under U. S. R. S. §§ 5019, 5032, 5033, the removal by creditors was by such a vote as is provided for the choice of assignee, that is, the vote of the majority in number and amount of the creditors who had proved their claims.    § 5039.

The removal of the assignee is to be upon petition of a majority in number and amount of the creditors.    The statute is silent as to the procedure.    It has left that matter entirely with the Court to determine whether the petition is signed by the requisite number. In the absence of any statutory provision the Court must determine what methods it will pursue in ascertaining these facts.    Certainly, a hearing upon order to show cause is the proper method.    At such hearing the Court can receive any competent evidence relative to the facts to be ascertained.

If the word *"creditor"* in our law is to be restricted in its meaning there is no reason for stopping with those who have proved and filed their claims and had them allowed by the assignee.    It should be limited to those who have filed releases and thus placed themselves in a position to participate in the dividends.

COLLINS, J.    Disregarding the claim of the counsel for respondents that upon the record, as presented on this appeal, there is nothing for us to review, we come directly to a consideration of the main question, and this involves a construction of the word "creditors," as used in Laws 1889, ch. 30, § 6, (an amendment to the insolvency law of 1881, ch. 148.)    It is provided in said section that, upon the petition

of a majority in number and in amount of the creditors, it shall be the duty of the court to remove any assignee or receiver appointed under the provisions of the statute, and to appoint another person to the place. It stands conceded that when the petition was filed asking for the removal of the assignee named in the deed of assignment, who had qualified and entered upon the discharge of his duties, and at the time the petition was acted upon by the court, the original assignee being removed, no claims of any description had been filed with the assignee for allowance against the estate. The contention of counsel for appellants is that with this condition of affairs there were no "creditors," within the meaning of the statute, and consequently none qualified to sign a petition for the removal of their client. With this view of the law the court below acquired no jurisdiction of the subject-matter, and its order could not be sustained.

In the ordinary and almost universal definition of the word, a "creditor" is a person to whom a debt is owing by another person, called a "debtor;" and, unless it clearly appears that it was used in a different sense in the statute now under consideration, we should give the word its usual and generally accepted meaning, although it is not an uncommon thing for courts to construe words as having been used in legislative enactments in a limited sense, and with a special or restricted meaning. Two instances may here be referred to where this court when construing this same word, "creditors," as used in other sections of the insolvency act, has held that the popular meaning just mentioned was not intended. *Adamson* v. *Cheney*, 35 Minn. 474, (29 N. W. Rep. 71;) *Olsen* v. *O'Brien*, 46 Minn. 87, (48 N. W. Rep. 453.) But the reasons for declaring that the word had a special and limited meaning as used in the sections then being considered are obvious, and neither of the cases are in point here. Nor are the decisions under the national bankruptcy act of 1867, cited by counsel, of value in support of their position, as will be seen upon an examination of the provisions of the act itself, regulating the manner in which assignees were to be selected.

The creditors referred to in the statute of 1889, and upon whom is conferred the right to petition for the removal of an assignee or receiver, are all persons to whom the insolvent may be indebted. The fact of indebtedness, and another essential fact, under the

statute, namely, that a majority in numbers and in amount of the creditors have signed the petition, are to be ascertained and determined by the court upon the production of competent proofs upon the hearing of the petition, and this hearing may properly be had upon order to show cause. No injustice can result to an insolvent or to an assignee or to a receiver by this course of procedure, and the plain purpose of the statute would frequently be frustrated if actual creditors could not petition for the removal of an obnoxious or incompetent person selected by the insolvent himself as assignee, or suggested to the court by some friendly creditor as a receiver, until after their claims had been filed, or, perhaps, as intimated by appellants' counsel, not until such claims had been allowed by the assignee or receiver. Creditors cannot be put at the mercy of assignees or receivers in this way. Valuable rights might be lost, and valuable estates absolutely wasted, before creditors could avail themselves of the statutory remedy, if the construction contended for by counsel should be adopted, and the clear intent of the statute is to the contrary.

The court below proceeded to a consideration of the petition upon an order to show cause, and found that a majority of the creditors, in number and in amount, had signed the same. There is nothing in the record tending to show that the court erred in its conclusion, or reached it in an improper manner.

Order affirmed.

(Opinion published 56 N. W. Rep. 587.)