## *In re* FRANK NICOLIN, Insolvent.

Submitted on briefs Nov. 20, 1894. Affirmed Dec. 7, 1894.

No. 9067.

**Expenses of an appeal from an order removing an assignee, who should pay them.**

> The assignee of an insolvent debtor, having been removed by the district court upon the petition of the creditors, prosecuted an unsuccessful appeal to this court from the order removing him. *Held*, that the appeal was prosecuted in the interest of himself personally, and not of the estate, and that he was not entitled to be reimbursed for his expenditures out of the trust estate.

Appeal by the Assignee, Gerhard Hilgers, from an order of the District Court of Scott County, *Francis Cadwell*, J., made July 18, 1894 disallowing his claim for attorney's fees and expenses on an appeal to this court from the order for his removal. 55 Minn. 130.

On March 27, 1893, Frank Nicolin, merchant of Jordan in Scott county, made an assignment under Laws 1881, ch. 148, of all his nonexempt property to Gerhard Hilgers of the same place in trust for the equal benefit of all his creditors who should prove their claims and release him from any part thereof not paid from the proceeds of the property assigned. His schedule of indebtedness was filed April 4, 1893, showing his debts to be $160,465 and the names of his creditors three hundred and thirty nine in number. On May 5, 1893, George Mitsch and over two hundred others claiming to be creditors of Nicolin to an aggregate amount exceeding $100,000 petitioned the District Court to remove Hilgers and appoint Theodore Weiland of Shakopee in his stead. That court made an order requiring Nicolin and Hilgers to show cause, if any they had, on May 8, 1893, why the petition should not be granted. After hearing the parties the court granted the petition and transferred the trust estate to Weiland and directed Hilgers to deliver possession, and to file and settle his account.

From that order Hilgers appealed to this court but the order was affirmed October 24, 1893. He then filed his account and applied to the District Court to examine and settle it and grant him a dis-

charge. The court appointed November 29, 1893, for a hearing and directed notice to be given to all parties interested. On that day Hilgers' accounts were examined. The items of the account for moneys paid for return of the clerk of the District Court on the appeal, $34.50, and for printing paper book and brief, $55, and for services of attorneys and counsel on the appeal, $350, were disallowed and he was directed to pay the balance $829.94 in his hands forthwith to Theodore Weiland his successor in the trust. The court said:

The general rule of law is, that an assignee of an insolvent can only charge the trust funds in his hands with such disbursements and expenses as are in some way or manner expended for the benefit of the estate. This general rule of law has been universally adopted by all courts in this country and England in relation to the payment of disbursements made by administrators, executors, trustees and assignees. It is not a question of good faith. The question is, would the estate be benefited by the expenditure in case the proceeding terminates favorably. If it would not, all expenses attending it in case of failure, should be disallowed. It was immaterial to the estate whether Hilgers was assignee or somebody else. Burrill, Assignments, (6th Ed.) § 375; Perry, Trusts, § 928; *Tucker* v. *Hernaman*, 4 DeG. M. & G. 395; *Rowland* v. *Morgan*, 13 Jurist, 23; *Gardner* v. *Gardner*, 6 Paige, 455; *Duffy* v. *Duncan*, 32 Barb. 587; *Haydock Carriage Co.* v. *Pier*, 78 Wis. 579; *Shermann* v. *Leman*, 137 Ill. 94.

From this order Hilgers appeals.

*H. J. Peck*, for appellant.
*Southworth & Coller*, for respondent.

MITCHELL, J. One Nicolin, an insolvent, made an assignment of all his property for the benefit of his creditors to the appellant, Hilgers, who qualified and acted as such until removed by the order of the District Court upon the petition of the majority of the creditors. From the order removing him, Hilgers appealed to this court, where the order was affirmed. 55 Minn. 130; (56 N. W. 587.)

Upon the settlement of his account as assignee after the case was

remanded, the District Court disallowed his claim for disbursements made in prosecuting the appeal to this court. The District Court was clearly right. In prosecuting the appeal to this court, Hilgers was acting in the interest of himself personally, and not of the trust estate. It was immaterial to the estate whether Hilgers or somebody else was assignee. The estate would not have been benefited by the expenditure, even if the appeal had terminated in Hilgers' favor. It was a matter which only affected him personally, and not the estate. To reimburse him out of the trust estate for the expense of an unsuccessful appeal of this nature would be against both law and natural justice.

Order affirmed.

GILFILLAN, C. J., absent on account of sickness, took no part.

(Opinion published 61 N. W. 330.)