WILLIAM NICOLAY v. J. H. MALLERY and Another.[1]

July 15, 1895.

Nos. 9427—(242).

Insolvency—Release—Effect on Mortgage.

In insolvency proceedings under the insolvency law of 1881, a judgment was entered releasing the insolvents from all claims held by the creditors filing releases. A creditor filed a claim and a release of the same, and took a dividend. He held another separate and distinct claim secured by mortgage, which he did not file, and on which he received no dividend. *Held*, while the personal liability of the insolvent was released as to this claim, the mortgage security was not.

Fraudulent Conveyance—Cross-Examination.

On the trial of an action to set aside a transfer of property on the ground that it was made with intent to defraud the creditors of the transferrer, the inquiry should generally be allowed to take a wide range, and much latitude should be allowed on cross-examination. Judgment reversed for failure to observe this rule.

Admission of Conspirator.

The declarations or admissions of one co-conspirator are not admissible against another, unless made in furtherance of the common design, so as to be a part of the res gestæ.

Appeal by defendants from a judgment of the district court for Le Sueur county, in favor of plaintiff, entered in pursuance of findings and order by Cadwell, J.    Reversed.

*William S. Moore* and *Southworth & Coller*, for appellants.

*H. J. Peck* and *W. C. O'Dell*, for respondent.

CANTY, J.    This is an action of ejectment brought to recover possession of the real estate described in the pleadings.    Both parties claim title through one Simmer, who for many years prior to June 2, 1890, owned and occupied the property and the flour mill thereon.    Simmer made a mortgage to plaintiff dated February 3, 1890, recorded April 2, 1890, mortgaging the property to plaintiff to secure the payment to plaintiff of the sum of $4,500.    Thereafter, on June 2, 1890, Simmer, being insolvent, made an assignment

[1] Reported in 64 N. W. 108.

for the benefit of his creditors, under the insolvency law of 1881, to one Ackerman. Plaintiff foreclosed his mortgage under the statute, the time to redeem expired June 6, 1893, and no redemption was made. Defendants are in possession, and claim under a deed made by Ackerman as assignee, and allege in their answer that plaintiff's mortgage was made without consideration and with intent to defraud the creditors of Simmer, and was received by plaintiff with like intent. It is also alleged that said mortgage was made pursuant to a conspiracy entered into between plaintiff and Simmer to defraud the creditors of Simmer. It is also alleged that by a release filed by plaintiff in the insolvency proceedings, and by the proceedings had thereon, plaintiff's claim has been released. On the trial by the court without a jury, the court found for plaintiff, and from the judgment entered in his favor defendants appeal.

1. Besides the claim for $4,500, which was secured by said mortgage, plaintiff had some other separate and distinct claims against the insolvent, Simmer, which he filed with the assignee, who allowed the same, and thereupon plaintiff filed a release of these claims, and received a dividend on them. Thereafter the assignee was discharged, and an order was made by the judge and filed May 4, 1893, which orders and adjudges that the insolvent "be and he hereby is discharged from all claims and debts held by all such persons, creditors of said Simmer on June 2, 1890, as did execute and file releases of their claims, as provided by said law, in said matter and proceedings." The clerk has entered up no judgment on this order. Defendants contend that the order of the judge constitutes a judgment, and on the authority of Kimball Co. v. Coon, 45 Minn. 45, 47 N. W. 315, contend further that such judgment released the claim secured by this mortgage, as well as the claims filed with the assignee. Conceding, without deciding, that the order of the judge when filed amounted to a judgment, it would follow that it released the claims filed and the personal liability of the insolvent on all claims not filed; but we are of the opinion that it would not release the security given for claims not filed, and that the plaintiff was entitled to enforce his mortgage, although the personal liability of the mortgagor had been released.

Several rulings of the court rejecting testimony offered by appellants are assigned as error.

2. Appellants called plaintiff for cross-examination, and after examining him for some time as to his transaction with Simmer, and after he had stated that Simmer paid him nothing on the mortgage, he was asked if Simmer had given him any notes. The court sustained plaintiff's objection to this question, when appellants made the following offer: "We offer to show that notes were owing to Mr. Simmer at the time of his assignment, instead of being turned over to the assignee were turned over to Mr. Nicolay and that he collected them, large amounts." The offer was refused, as not within the issues. This was error. Fraudulent intent must ordinarily be proved by circumstantial evidence, and the inquiry should generally be permitted to take a wide range, and much latitude should be allowed in cross-examination. Wait, Fraud. Cony. § 281; Allen v. Fortier, 37 Minn. 218, 34 N. W. 21. This rule has special application to a case like the one at bar, where the evidence of the grantee as to the transactions between him and the grantor is so indefinite and evasive, and brings to light so many suspicious circumstances which he fails to explain in any reasonable or probable manner.

3. The witness Schons had worked for Simmer, as miller in the mill, for about a year just prior to the assignment. Near the close of the trial, he was called by defendants to prove that at different times during said year Simmer told him that he was about to fail and make an assignment, and that he had given a first mortgage on the mill to his father-in-law for $11,000 for the purpose of saving the mill, and was afraid that this mortgage was not enough to save it so that he could get it back, and that he was going to give his cousin, this plaintiff, another mortgage for $4,500, so as to make the incumbrance large enough to save the mill. The court sustained the plaintiff's objections to the offers of this evidence and some other evidence of like character, and this is assigned as error.

We are of the opinion that when this evidence was offered there was evidence in the case from which a court or jury would have been amply justified in finding that a conspiracy existed between plaintiff and Simmer to defraud the creditors of the latter. This evidence is largely circumstantial, and most of it came out on the examination of the plaintiff himself. The declarations or admissions of one alleged co-conspirator are admissible against another

when such declarations or admissions are made in furtherance of the common design, so as to be a part of the res gestæ.   3 Greenl. Ev. § 94.   But such declarations or admissions are not competent, except as against the person making them, unless made in furtherance of the common design, so as to be a part of the res gestæ.   4 Am. & Eng. Enc. Law, 633;  1 Greenl. Ev. § 111;  Spies v. People, 122 Ill. 1, 12 N. E. 865, and 17 N. E. 898;  Card v. State, 109 Ind. 415, 9 N. E. 591.   On this point, the same rule of evidence applies in civil cases as in criminal cases.   Card v. State, supra.   It is not claimed that Schons had any connection with the conspiracy, or that the statements made to him were in furtherance of the conspiracy, so as to be a part of the res gestæ.   But it is contended by defendants that the mere admission of Simmer, though not in furtherance of the common object, is admissible against plaintiff.   As we have seen, this is not the law.   Simmer is not a party to this suit, so that the evidence could not be received merely as an admission against him.

This disposes of all the questions raised having any merit, and the judgment appealed from is reversed.