In the Matter of the Estate of ROSE VITELLI, Formerly Known as ROSA DE SAPIO, Deceased.

Surrogate's Court, Kings County, January 26, 1931.

*A. J. Oishei Hoschek,* for the administrator.

*Jacob Kraus* [*H. B. Forman* of counsel], for the respondent.

WINGATE, S. This is a proceeding instituted by the administrator of Rose Vitelli, also known as Rosa De Sapio, respecting the withholding of certain property alleged to be in the possession of Mrs. Marisanino Giordino.

The decedent was shot and mortally wounded on May 20, 1930, by a brother-in-law, who had tried to induce her to elope with him. She died in Bellevue Hospital on May 24, 1930. The answer interposed by the respondent alleged that the property in question had been given to her by the decedent under circumstances establishing a gift *causa mortis.*

Fourteen witnesses were examined on behalf of the various contesting parties, and as their testimony was so hopelessly irreconcilable as to clearly demonstrate that some of them were

committing deliberate perjury, the question becomes one merely of credibility of the witnesses.

It is unquestionable that the decedent had been separated from her husband, the administrator herein, for eight or nine years, during a portion of which time she had lived with her mother and a married sister in the Bronx, afterward leaving them and going to live with respondent, who was an aunt.

Aside from certain police officers, only two material witnesses testified who were not related by blood or marriage to the contesting parties. One of these was Mrs. Katherine Guglielmo, who testified on behalf of the respondent, the other was Nicholas Cochifinto, whose evidence tended in favor of the petitioner. Since the latter was apparently consulted by the respondent to advise her in connection with her rights and duties respecting the matter and was subsequently displaced, it cannot be said that he was without a certain amount of interest in the result.

The court is satisfied that the only persons who evinced any particular interest in the fate and welfare of the decedent were the respondent and those connected with her. Although on their own admission, the mother and sister of the decedent learned on the night of May twentieth of the calamity which had befallen her, they did not make any effort to see or aid her until several days later and immediately prior to her death. On the other hand, the respondent immediately rushed to her bedside and apparently spent the greater part of her time with the injured girl until the time of her death.

The administrator-husband did not even learn of the death until approximately a month or six weeks later.

Whereas these circumstances, of course, have no direct bearing on the question of fact in issue, namely, as to whether the decedent actually made a gift *causa mortis* of the property in question to the respondent, they are entitled to certain weight by way of corroboration of the testimony of Mrs. Guglielmo which contained all the elements necessary to establish a valid gift *causa mortis* of the property here in dispute. The property in question consisted of certain cash and savings bank books and a bond and mortgage contained in a safe deposit box rented by the decedent in the Corn Exchange Safe Deposit Company. The cash and bank books were in the decedent's possession at the time she was shot as was the key to the safe deposit box. They were taken in custody by the police and were delivered to the respondent by direction of the decedent. At the time of the statements testified to by Mrs. Guglielmo, they were already in respondent's possession, and it cannot be questioned that the statements of the decedent con-

cerning which she testified effect a valid gift *causa mortis* if such gift had not been previously consummated. (*Champney* v. *Blanchard*, 39 N. Y. 111, 115; *Matter of Mills*, 172 App. Div. 530, 535; *Matter of Adler* v. *Levene*, 191 id. 40, 41; *Porter* v. *Gardner*, 60 Hun, 571, 574, 575; *Matter of Goodwin*, 114 Misc. 39, 44; *Ridden* v. *Thrall*, 125 N. Y. 572, 577, 579.)

The determination of the entire matter must necessarily be based upon the impression made by the witnesses of the contesting parties on the court and on the appearance and demeanor of the witnesses and their manner of testifying, as well as the content of their testimony. The court is satisfied that the respondent has sustained the burden of proof upon her to establish a valid gift *causa mortis* of Italian Savings Bank book No. 145,564, Fordham Bank savings account 25159, the cash and articles of personal property belonging to the decedent receipted for by the respondent on May 20, 1930, and also the contents of decedent's Corn Exchange Safe Deposit Company box, namely, bond and mortgage of Nista Construction Co., Inc., title policy guaranteeing the same and fire insurance policy covering the mortgaged property.

It follows, therefore, that this proceeding must be dismissed. Proceed accordingly.