FRANK T. HINES, Administrator of Veterans Affairs, Appellant, v. EDWARD McKENZIE, Guardian, Appellee.

No. 42146.

OCTOBER 24, 1933.

F. H. Maughmer, H. J. Luetjen, and Q. A. Quigley, for appellant.

Snyder & Sears, for appellee.

MITCHELL, J.—On the 13th day of September, 1923, Edward McKenzie was duly appointed guardian of the person and property of his son, Myron B. McKenzie, an incompetent, by the district court of Woodbury county, Iowa, and as such has continued to act from the date of his appointment up to the time of the filing of the application in this cause, and is still so acting. On the 10th day of November, 1932, the guardian filed an application in the Wood-bury district court that he be allowed the sum of $2,150 as compensation for extraordinary services, and asked that the further sum of $583.64 be allowed as compensation for ordinary services, and that he be allowed the further sum of $25 per month on the first day of each and every month thereafter until further order of the court. To this application there was filed by the Veterans Administration an answer or exception. Said answer or exception was filed by Frank T. Hines, who was administrator of veterans affairs, and is as follows:

"That the whole of said guardianship estate was derived from Government benefits consisting of compensation benefits in the amount of $100.00 monthly and War Risk Term Insurance benefits in the amount of $55.54 monthly.

"That the Veterans' Administration is an interested party and as such has the right to appear and object to any action taken with respect to the administration of such guardianship estate.

"That said application should not be granted by the court or allowed for the reason that section 22, World War Veterans' Act 1924, as amended (section 454, USCA title 38), specifically exempts United States Government payments of compensation and in-

surance from the claims of creditors of any person to whom an award is made; and that the said guardian having already received and been allowed by the appointing court guardian's compensation and the sum of approximately $70.00 monthly for care, maintenance and support of the incompetent, was, as regards any additional claim, nothing more than a creditor.

"It was, therefore, prayed that the application be denied by the court."

On the 30th day of November, 1932, the said cause was tried to the court. The appellant offered no evidence, and at the close of the evidence the court entered a judgment and decree, allowing the guardian the sum of $2,150 as compensation for extraordinary services, and the further sum of $583.64 as compensation for ordinary services, and the further sum of $25 payable on the first day of each month from the 1st day of January, 1933, until the further order of this court. And from the order, judgment, and decree of the court the appellant has appealed to this court.

Myron B. McKenzie, the incompetent, was a soldier in the army of the United States during the world war, and since the first year of his return he has been unable to perform any work or labor of any kind. He has been, and is now, suffering from a mental disorder, commonly known and described as shell shock. His particular mental disorder has caused him entirely to lose control of his normal mind and to do irrational, unusual, and annoying things at all times. He becomes from time to time ill-tempered and dangerously violent, so that it is necessary to have some one constantly with him to watch over and take care of him so that he does not harm himself and others. From time to time the incompetent has been placed in the Veterans' Hospital at Knoxville, Iowa, but for most of the time during the period of the guardianship the incompetent has lived and been taken care of by the guardian, who is his father, in the guardian's home at Sioux City, Iowa.

During the nine years of stewardship, the guardian has filed eight annual accountings with the district court. In each one of these annual accountings he has asked and has been allowed a certain sum for the care and keep of his ward, and has been allowed during this period of time the sum of $325 for ordinary services as guardian.

It is the main contention of the Veterans' Administration that

the guardian in the case at bar, having secured court authority annually over a period of nine years to expend certain sums of money for maintenance, support, and care of his ward, by not securing prior authority to expend the additional sum of $25 per month, which the guardian is now asking, places himself in the position of a creditor, and the exemption provisions of both the state and federal statutes are effective defenses to the allowance of his claim.

Section 454, title 38, U. S. Code (38 USCA, section 454), provides as follows:

That "the compensation, insurance * * * payable [hereunder] shall not be assignable; shall not be subject to the claims of creditors of any person to whom an award is made * * * and shall be exempt from all taxation."

The legislature of the state of Iowa approved the federal statute, as shown by its adoption of a similar one, section 11761, Iowa Code 1931, which provides as follows:

"All money received by any person, a resident of the state, as a pension from the United States government, whether the same shall be in the actual possession of such pensioner, or deposited, loaned, or invested by him, shall be exempt from execution, whether such pensioner shall be the head of a family or not."

The appellant cites and argues with a great deal of force that the case of Appanoose County v. Henke et al., 207 Iowa 835, 223 N. W. 876, is in point. We do not think, however, that the Appanoose county case above cited covers the case at bar. In the Appanoose county case there was a claim by the county for the keep and care of an incompetent individual. In the case at bar there is a claim by the guardian for compensation for extraordinary services rendered. Section 12644-c13 of the Iowa Code of 1931 provides for compensation due the guardian of a war veteran. The section is as follows:

"Compensation. Compensation payable to guardians shall not exceed five per cent of the income of the ward during any year. In the event of extraordinary services rendered by such guardian the court may, upon petition and after hearing thereon, authorize additional compensation therefor, payable from the estate of the ward. Notice of such petition and hearing shall be given the proper

office of the bureau in the manner provided in section 12644-c11. No compensation shall be allowed on the corpus of an estate received from a preceding guardian. The guardian may be allowed from the estate of his ward reasonable premiums paid by him to any corporate surety upon his bond."

Definitely to construe this section it is necessary to discover the difference between a guardian asking for compensation and a creditor who holds a legal obligation due from the ward. On the one hand we have a trustee, an officer of the court, who is responsible to the court for his actions and his handling of the ward's estate, and he is entitled under the statutes of the state of Iowa to apply to that court for compensation to himself for the faithful discharge of his stewardship, should the court see fit to grant and allow such compensation.

In the case of In re Nicolin, 55 Minn. 130, 133, 56 N. W. 587, 588, the Minnesota court defined the word "creditor" as follows:

"The ordinary and almost universal definition of the word, a 'creditor' is a person to whom a debt is owing by another person."

In the case of New Jersey Insurance Company v. Meeker, 37 N. J. Law, 282, the court said:

"A creditor" is one "to whom a sum of money * * * is due by obligation, promise, or in law."

These two definitions of the word "creditor" taken from the widely varying parts of the United States must be construed as fair definitions of the word "creditor". It is obvious that the guardian of a ward could not be made to conform to the definition of a creditor when applying to the probate court for compensation as guardian. The compensation applied for would not be due him in the same manner or under the same conditions as an obligation or promise would be due to a creditor. There is in the case of a guardian no legal obligation on the part of the ward's estate to pay to the guardian any certain amount of compensation. It is entirely discretionary with the court of appointment, and the amount of compensation must be determined, not by the guardian, but by the court. Within the guardian's power lies only the right to ask the court for an allowance for compensation, which may or may not be made. No status of creditor or debtor exists at any time.

The appellant loses sight of the fact that the application in the case at bar is based solely upon the fact that extraordinary services were rendered. The appellant asks that because the guardian was allowed compensation for the care and support of his ward during the period of time he acted as guardian; therefore, he is now excluded from claiming any compensation. We do not think this in any way could affect the application of the guardian for compensation for extraordinary services rendered. They are two separate things entirely; the one being for the care, support, and maintenance of the ward himself, for clothing him, taking care of his person, giving the necessary medical and surgical attention, and whatever other items may arise to the personal benefit of the ward; the other, a claim for compensation for extraordinary services, to compensate the guardian for his time as guardian. The guardian is entitled to such compensation only upon properly applying to the court for such compensation for extraordinary services, giving notice to the Veterans' Administration, as the statute provides, and submitting evidence to the court of the extraordinary services rendered. This is just exactly what the guardian in this case did. He filed his application, asking for additional compensation for extraordinary services rendered by such guardian, and for a sum to be allowed him as compensation for ordinary services, and for allowance of $25 per month for each month in the future until further ordered by the court. Due notice was given to the Veterans' Administration. A hearing was had. Evidence was submitted. And the court held that the guardian was entitled to the additional compensation for extraordinary services rendered and for the sum as compensation for ordinary services and for a monthly allowance in the future. The record shows that the appellant in this case did not offer any testimony to contradict the testimony offered by the guardian as to the services rendered. If there was any question as to the services rendered, the appellant had an opportunity to offer evidence in regard to that fact. The only testimony which was offered was the testimony of the guardian, who is the father of the ward, and of the mother, with whom the ward has lived during these years. The record shows that real service has been rendered to this unfortunate individual by this guardian and by the mother of the ward; that everything possible has been done by these people to help and assist their son. They have sacrificed themselves that he might have the benefits and advantages of staying at home. At vari-

ous times he was sent to the Veterans' Hospital at Knoxville, but the record shows that he got along better at home than he did anywhere else. And in their desire to help and assist him they brought him home and have kept him there ever since.

After a careful reading of the record, we are convinced the lower court was right, and that the judgment and decree of the lower court must be, and it is hereby, affirmed.

EVANS, CLAUSSEN, STEVENS, ANDERSON, DONEGAN, and KINDIG, JJ., concur.