In the Matter of the Accounting of JOSEPH LANE, as Administrator of the Estate of WILLIAM R. LANE, Deceased.

Surrogate's Court, Kings County, December 5, 1950.

*Vincent T. Darcy* for administrator, petitioner.

*Paul Millman* for Jane Binder, respondent.

RICHARDSON, S. The petition for letters of administration herein listed the parents of the decedent as his only distributees. The decedent was married, and he, his wife and a third person died together under circumstances which would make the order in which the decedent and his wife died difficult, if not impossible, of proof. It is apparent that the listing of the decedent's parents as his only distributees was made pursuant to subdivision 1 of section 89 of the Decedent Estate Law, which provides that " Where the title to property or the devolution thereof depends upon the priority of death and there is no sufficient evidence that the persons have died otherwise than simultaneously, the property of each person shall be disposed of as if he had survived ". (*Matter of Dunham,* 188 Misc. 1026, 188 Misc. 1027.)

The wife's mother paid the wife's funeral expenses in the sum of $436.49 and seeks reimbursement from the decedent's estate. There is no proof that the wife left a separate estate. A husband is liable for the reasonable funeral expense of his wife (*Matter of Vitelli,* 146 Misc. 17, 19).

The decedent's parents having adopted what is in effect a statutory presumption that the decedent survived his wife, the wife's mother may, as she has done in this case, acquiesce in that presumption without being required to prove who did die first, nor does the court believe that such proof upon her part is necessary under all the facts and circumstances of this case. As a matter of fact, the accounting petition herein alleges " Decedent's wife predeceased him".

The amount expended by the wife's mother for funeral expenses is reasonable and is allowed. The other claims are dismissed.

Proceed accordingly.