Filed Jan. 29, 1887.

---

No. 13,405.

## CARD v. THE STATE.

CRIMINAL LAW.—*Conspiracy.*—*Evidence.*—*Declarations of Co-Conspirator.*— Where a conspiracy has first been established by sufficient proof, every declaration or act of any one of the conspirators, during the pendency of the criminal enterprise, in pursuance of the original plan and with reference to the common object, is competent evidence against each of them.

SAME.—*Forgery.*—*Conspiracy.*—*System.*—*Proof of Other Forgeries.*—Where, on the trial of one charged with the forgery of a promissory note, it is shown that the crime in question is one of a system of like crimes committed by the defendant in pursuance of a conspiracy, other notes forged by him during the pendency of the conspiracy and purporting to be executed by different persons, are admissible in evidence against him.

From the Kosciusko Circuit Court.

*E. Haymond* and *L. W. Royse*, for appellant.

*L. T. Michener*, Attorney General, and *W. B. Hord*, for the State.

HOWK, J.—In this case the indictment charged that appellant and Theodore W. Strain, " on the 9th day of September, 1885, at the county of Kosciusko, in the State of Indiana,

did then and there feloniously, falsely and fraudulently make, forge and counterfeit a certain promissory note, purporting to have been made and executed by one John F. Fisher, for the payment of money to one John Hall, which said false, forged and counterfeit promissory note is of the following tenor, to wit: " (Setting out a copy of such note), " with intent then and there and thereby, feloniously, falsely and fraudulently to prejudice, damage and defraud the said John F. Fisher."

Appellant was awarded a separate trial; and upon his arraignment and plea of not guilty, as charged in the indictment, the issues joined were tried by a jury, and a verdict was returned finding him guilty, as charged, and assessing his punishment at imprisonment in the State's prison for ten years, and a fine in the sum of ten dollars.    Over his motion for a new trial, the court rendered judgment against him upon and in accordance with the verdict.

The only error of which appellant's counsel complain in their brief of this cause, is the alleged error of the court below in overruling the motion for a new trial.    In discussing this error counsel say: " We think that the court erred, during the trial, in permitting witnesses for the State to detail conversations had with Woodson S. Marshall and others, not in the presence of appellant, and desire to call the attention of the court to the fourth, fifth, sixth, seventh, eighth, ninth, tenth and eleventh written reasons for a new trial.    The argument of one will, we think, be applicable to all."    We will consider so many of these causes for a new trial as appellant's counsel have discussed, in the order they have pursued in argument.    They first direct our attention to the *fifth* reason assigned for a new trial, as follows: " The court erred in permitting the State, over the objections of defendant, to put in evidence a letter from Woodson S. Marshall to W. W. Mikels, dated January 21st, 1886."    The letter referred to, in this cause for a new trial, reads as follows:

"*Mr. Mikels*—I dropped you a postal to-day.    If Mr. S. wants the notes, I think he can have them, as Mr. H. is still

here.   If you come up in the morning, say nothing to any one until you see me.   If you see Cook, and he asks you where you got the Hall notes, say from Hall, and that he is a Chicago man.   But don't say you have any notes—that you returned them to Chicago.   Will talk over matters if you come up.   We may want to do some fine figuring.   Burn this.   If S. made a deed, bring it along.

(Signed)      " Yours truly,

" 8 P. M., 1, 21, '86.                W. S. MARSHALL."

It is shown by the record, that appellant objected to the admission of this letter in evidence, " for the reason that the evidence is irrelevant and immaterial, and does not tend to prove any of the allegations in the indictment, and that it is a written declaration made by Woodson S. Marshall, in the absence of defendant and without his knowledge or consent, and was hearsay."   The court overruled these objections and admitted the letter in evidence, and appellant excepted.

The letter of Marshall was manifestly admitted in evidence by the trial court, upon the ground that it had been shown to the satisfaction of the court, by other evidence appearing in the record, that a criminal conspiracy had been entered into, by and between appellant and his co-defendant, Strain, and Marshall, the object and purpose of which conspiracy were the forgery of promissory notes, in the names of certain responsible persons, and the sale and utterance of such forged and counterfeit notes.   There was evidence introduced which tended to prove the formation and existence of such a conspiracy by and between the parties named, for the purposes mentioned, and the parts which each of the conspirators was to perform in the accomplishment or furtherance of the criminal design; and that in pursuance of such conspiracy, and while attempting to perform the part assigned him therein, by selling and uttering certain of the counterfeit promissory notes forged by such conspirators, Marshall made certain verbal and written declarations, and,

amongst others, the one referred to in the fifth cause for a new trial and heretofore quoted, of and concerning such notes and his efforts to sell and utter the same, and about John Hall, the payee named therein. It is manifest that the trial court regarded such evidence as sufficient to establish *prima facie* the fact of such a conspiracy, by and between appellant, Strain and Marshall, for the object and purpose· aforesaid. We can not say that the trial court erred in its view of the effect of such evidence; for this question is one peculiarly for the consideration and decision of the learned court presiding at the trial.

Upon this subject, Mr. Greenleaf has said: "A foundation must first be laid by proof sufficient in the opinion of the judge to establish *prima facie* the fact of conspiracy between the parties, or proper to be laid before the jury as tending to establish such fact. The connection of the individuals in the unlawful enterprise being thus shown, every act and declaration of each member of the confederacy, in pursuance of the original concerted plan, and with reference to the common object, is, in contemplation of law, the act and declaration of them all; and is therefore original evidence against each of them. It makes no difference at what time any one entered into the conspiracy. Every one who does enter into a common purpose or design is generally deemed, in law, a party to every act which had before been done by others and a party to every act which may afterwards be done by any of the others in furtherance of such common design." 1 Greenl. Ev., section 111. The doctrine here declared has been approved and acted upon in many of our decided cases. *Williams* v. *State,* 47 Ind. 568; *Jones* v. *State,* 64 Ind. 473; *Walton* v. *State,* 88 Ind. 9; *Archer* v. *State,* 106 Ind. 426.

But appellant's counsel say: "Admitting for the sake of the argument, that the conspiracy was established, still the court erred in admitting the declarations and letter. We understand the rule to be, as laid down in 1 Greenl. Ev.,

section 111: 'The acts and declarations, thus admitted, are those only which were made and done during the pendency of the criminal enterprise, and in furtherance of its objects.' "

Doubtless, counsel state the rule correctly, but they err, we think, in claiming that the criminal enterprise was not pending when the letter above quoted was written, or that it was not written in furtherance of the objects of the conspiracy. True, the evidence shows that the counterfeit note, upon which the indictment herein was predicated, had been forged, sold and uttered by the conspirators some time prior to the date of the letter, heretofore quoted; but it does not show that the conspiracy, which, as is apparent from the record of this cause, covered the forgery and utterance of many other counterfeit notes, had then come to an end. Indeed, it may be fairly inferred from all the evidence, we think, that the criminal enterprise, in which the conspirators were engaged, was at the flood-tide of apparent success when the letter to Mikels was written. We conclude, therefore, that the fifth cause for a new trial was not well assigned, as the Marshall letter referred to therein was competent evidence.

What we have said, in considering the fifth cause for a new trial, applies with equal force to the fourth, sixth, seventh, ninth, tenth and eleventh reasons, assigned for such new trial. Each of such reasons was based upon a different ruling of the court below, admitting in evidence, over appellant's objections and exceptions, certain declarations, verbal or written, of Marshall, of and concerning other notes which were shown to have been forged by such conspirators, and his efforts to sell and utter the same, and about John Hall, the payee named therein. The same objections were urged below, and are urged here, to the competency of these declarations, verbal or written, as evidence against appellant herein, as were urged to the admissibility of the letter heretofore quoted, addressed to "Mr. Mikels," as evidence against appellant. The formation and existence of the conspiracy, for the unlawful purposes mentioned, having been established by suffi-

cient proof, every act or declaration of any one of the conspirators, in pursuance of the original plan and with reference to the common object, became and was original and competent evidence against each and all of them. Of course, it is true, as appellant's counsel claim, that nothing said or done by one of the conspirators in the absence of the others, *after* the common design has been fully consummated, can be used as evidence against the others or affect them in any way. But this is of no avail to appellant in this case. For here the existence of the conspiracy for an unlawful purpose has been established by sufficient proof, and it was not shown and does not appear that the common design had been fully consummated at the time the verbal and written declarations, which the State put in evidence, were made by one of the conspirators. On the contrary, we think it fairly appears from the evidence in the record, that the common design had not been consummated when such declarations were made. In regard to the admission of the acts or declarations of one conspirator as original evidence against each member of the conspiracy, substantially the same rule applies in criminal as in civil causes. *Smith* v. *Freeman,* 71 Ind. 85; *Hogue* v. *McClintock,* 76 Ind. 205; *Wolfe* v. *Pugh,* 101 Ind. 293; *Daniels* v. *McGinnis,* 97 Ind. 549.

Appellant's counsel next complain of the admission in evidence of thirteen promissory notes, other than the one set out in the indictment, purporting to have been executed by different persons, but all payable apparently to the same John Hall. Counsel say: " The only object that could be accomplished by this evidence, was to prove that the defendant had been guilty of numerous other forgeries. Coupled with this evidence, is the testimony of several witnesses that the notes were in the handwriting of appellant; and it was also in testimony that they were forgeries. The admission of these notes in evidence was clearly erroneous." In support of their position counsel cite and rely upon *Barton* v. *State,* 18 Ohio, 221, and *Bonsall* v. *State,* 35 Ind. 460.

An examination of these cases shows very clearly, we think, that, while each of them was correctly decided, neither of them has any application to such a case as the one under consideration. We are of opinion that the court did not err in the admission of such other notes in evidence, although they were shown to have been forged by appellant. Upon this subject, in his Criminal Evidence, section 32, Mr. Wharton says: "Suppose that it is alleged that the crime in question was one of a system of mutually dependent crimes; is it admissible, on a trial for one of these crimes to put in evidence such other crimes, for the purpose of showing this system? In several lines of civil cases, such evidence has been held admissible. Nor is there any reason why such evidence should not be received in criminal cases. In order to prove purpose on the defendant's part, system is relevant, and in order to prove system, isolated crimes are admissible from which system may be inferred. * * *. *Conspiracy* cases give signal illustration of the rule here stated. The acts of each conspirator emanate from him individually, yet when they are part of a system of conspiracy they are admissible in evidence against his co-conspirators, although each component act may constitute an independent offence. The reason for the rule in this and similar cases is that when once system is proved, each particular part of the system may be explained by the other parts which go to make up the whole." Upon the same subject see, also, *Harding* v. *State*, 54 Ind. 359; *Robinson* v. *State*, 66 Ind. 331; *Thomas* v. *State*, 103 Ind. 419, and authorities cited on pp. 432, 433.

Appellant's counsel mildly complain in argument of two of the court's instructions to the jury trying the cause. No good purpose would be subserved, we think, by our setting out and commenting on either of these instructions. It will suffice for us to say that we have carefully considered all the court's instructions to the jury, and that, taken as a whole, they presented to the jury the law of this case fully and fairly for the appellant.

We have found no error which would authorize a reversal of the judgment.

The judgment is affirmed, with costs.

Filed Dec. 23, 1886; petition for a rehearing overruled Feb. 23, 1887.