Moore *et al. v.* Shields.

Filed Dec. 13, 1889.

———————◆———————

No. 13,900.

## MOORE ET AL. *v.* SHIELDS.

EVIDENCE.— *Conspiracy.*—*Declarations.*— *When Admissible.*—Where a conspiracy is alleged, the declarations which are admissible are those which are made between the beginning and ending of the conspiracy for the promotion of the common criminal or evil purpose, and the fact that a conspiracy existed, and was in progress at the time the admissions were made, must first appear in some way satisfactory to the court.

SAME.—*Improper Admission of.*—*How Cured.*—Where evidence is improperly admitted, but the jury are afterwards told by the court that they must disregard such evidence, and not consider the paragraph of the complaint charging a conspiracy under which said evidence was admitted, the error must be deemed to have been cured.

INSTRUCTIONS TO JURY.—*When can not be Complained of.*—Where a party fails to request that an instruction given by the court to correct an error in the admission of evidence be made more explicit, it will be deemed to have been satisfactory to him at the time, and he can not afterwards be heard to complain.

FRAUDULENT REPRESENTATIONS.—*Recovery of Money.—Form of Action.*—Where a party is induced by fraudulent representations to purchase worthless township warrants, he can recover the money paid by him to those knowingly making such representations in an action for money had and received.

ACTION.—*For Money Had and Received.—When can be Maintained.—Liability of Agent.*—In an action for money had and received there need be no privity of contract proved other than such as arises out of the fact that the defendant has received the plaintiff's money under circumstances which make it against conscience that he should retain it. In such a case the defendant would be liable though he had acted as agent for another person, and had paid over the money he had received to his principal.

From the Orange Circuit Court.

*M. F. Dunn, G. G. Dunn* and *W. H. Edwards,* for appellants.

*G. W. Friedley, J. Giles, J. A. Zaring* and *M. B. Hottel,* for appellee.

MITCHELL, C. J.—This was a suit by Ambrose T. Shields against Milton N. and William T. Moore, to recover a sum of money paid to the defendants by the plaintiff for a township warrant, or note, alleged to have been issued without any consideration, and in violation of his official duty, by a township trustee, in Lawrence county, to R. B. Pollard.

The first paragraph of the complaint is an ordinary common count for money had and received by the defendants to the plaintiff's use. It is charged in the second paragraph that the warrant had been issued in pursuance of a conspiracy into which the defendants had entered with Pollard and others, the purpose of which was to procure paper, or warrants, to be issued by township trustees without any consideration, after which they were to be negotiated by the defendants, who were bankers, for the common benefit of the

confederates, and that the defendants in pursuance of the conspiracy so formed, sold a warrant so obtained to the plaintiff and obtained from him a large sum of money.

After the testimony had all been heard, the court instructed the jury that there was no evidence tending to prove the conspiracy charged, and admonished them to disregard the second paragraph of the complaint. Before the jury had been thus instructed, evidence had been admitted tending to prove certain declarations, made in the absence of the defendants, by persons with whom it was assumed they were confederates, which tended to implicate the defendants in the conspiracy charged.

It is said, since there was no evidence tending to establish the conspiracy charged, it was manifestly wrong to admit evidence of declarations made by others, in the absence of the defendants, which tended to implicate them in a conspiracy which did not exist, or which had not been satisfactorily established.

The established rule is, that the acts and declarations of one conspirator, made in the absence of the others, in furtherance of the common design, are only admissible after a *prima facie* case of conspiracy has been made by competent evidence.

After the fact of the conspiracy has been proved, or after evidence, proper to be considered by the jury, has been admitted which tends to establish the existence and nature of the conspiracy, the declarations of any of the conspirators during the pendency of the criminal project are admissible against all. 4 Am. & Eng. Encyc. of Law, 631, and notes.

Much latitude must, however, be allowed by the court in marshalling the facts and circumstances which bear upon the issue, and it must be left very largely to the discretion of the court trying the cause to determine whether or not there has been introduced evidence sufficient to establish *prima facie* the existence of a conspiracy so as to justify the admission of the acts and declarations of one confederate

against another. *New York, etc., Co.* v. *Gleason,* 78 N. Y. 503; *State* v. *Winner,* 17 Kan. 298; *Riehl* v. *Evansville Foundry Ass'n,* 104 Ind. 70. Such declarations are admissible after the confederacy has been thus established, upon the theory that the conspirators have, by the act of conspiring together, become so identified with each other in a common design as to assume as a body or association the attributes of individuality, thus rendering whatever is done or said by any one during the progress of the joint enterprise, in furtherance of the common purpose, admissible as the act or declaration of all. *McKee* v. *State,* 111 Ind. 378; *Williams* v. *State,* 47 Ind. 568; *Walton* v. *State,* 88 Ind. 9; *Goins* v. *State* (Ohio), 21 N. E. Rep. 476.

The principles which control in regard to the competency of acts and admissions of one partner, when offered in evidence against the firm, and of agents against their principals, govern in respect to the acts and declarations of one conspirator against those confederated with him. Declarations or admissions made by one partner in the absence of the others, are not competent to prove the existence of the partnership so as to bind those who are not present, nor can the fact of agency be established as against the principal by mere admissions of the agent. *King* v. *Barbour,* 70 Ind. 35; *Boor* v. *Lowrey,* 103 Ind. 468; *Pierce* v. *McConnell,* 7 Blackf. 170; *Graham* v. *Henderson,* 35 Ind. 195. So the existence or nature of a conspiracy can not be established by the acts or declarations of one conspirator in the absence of the others, unless the acts or declarations were in themselves in execution, or for the promotion of the common design. *Clawson* v. *State,* 14 Ohio St. 234.

The declarations which are admissible are those which are made between the beginning and ending of the conspiracy, for the promotion of the common criminal or evil purpose, and the fact that a conspiracy existed, and was in progress at the time the admissions were made, must first appear in some way satisfactory to the court. *People* v. *Parker,* 67 Mich.

222. If the conspiracy has not yet been formed, or if it has ended by the consummation of the criminal design, mere admissions or narrations of what has taken place, which had no tendency to promote the common design, are not admissible against those who were not present when the admissions were made. *Ford* v. *State,* 112 Ind. 373, and cases cited ; *Heine* v. *Commonwealth,* 91 Pa. St. 145 ; *State* v. *Johnson,* 40 Kan. 266 ; *Estes* v. *State,* 23 Texas, 600 ; *Wilson* v. *People,* 94 Ill. 299.

Within the rules above stated most of the evidence relating to the conspiracy was improperly admitted, because it consisted of declarations made by third persons in the absence of the defendants. These declarations were not admissible until there was some competent evidence which tended to prove to the satisfaction of the côurt the existence and nature of the conspiracy.

The court having, however, explicitly told the jury that there was no evidence tending to prove the conspiracy charged, and that they should therefore give the second paragraph of the complaint no further consideration, any error that may have been committed in the respects mentioned must be deemed to have been cured.

It is quite true that the instruction, so far as the evidence admitted was concerned, was not as direct as it might have been, but the court undertook to correct the error by an instruction ; as no more explicit instruction was asked on the appellant's behalf, it must have been deemed satisfactory at the time. Having neglected to ask that the jury be more explicitly instructed then, it is too late to complain now for the first time. *Gebhart* v. *Burkett,* 57 Ind. 378.

An examination of the evidence leads to the conclusion that the verdict and judgment were justified under the common count.

There was evidence tending to prove that the appellants were paid a comparatively large sum for negotiating the township warrant in question, which was absolutely worth-

less.  They urged the plaintiff below to purchase, and recommended the paper as good, within their knowledge.  There was evidence tending to show that they knew the paper was irregularly issued, without any consideration whatever.  In short, that it was fraudulently issued.  Under these circumstances they received the plaintiff's money, the latter paying it over to them in reliance upon the declaration made by them that they had purchased a number of similar warrants as an investment, and that they regarded them as good as county or government bonds.  It is said that the appellants were merely agents, or brokers, to sell the note, and that they are hence not liable after having paid over the money to their principal.  The conclusion does not follow.  " Even an auctioneer or broker, who sells property for one who has no title, and pays over to his principal the proceeds, with no knowledge of the defect of title, or want of authority, is held liable for its conversion to the real owner."  *Hills* v. *Snell,* 104 Mass. 173 ; *Alexander* v. *Swackhamer,* 105 Ind. 81 (86), and cases cited.

Much more is a broker liable who sells and obtains money for worthless paper which he knows has been fraudulently issued in violation of law, even though he may have paid the money over to his principal.  Where one person receives the money of another, under such circumstances that in equity and good conscience he ought not to retain it, nor otherwise dispose of it, except to return it to the person from whom it was received, an action for money had and received will lie to recover it back.  *McFadden* v. *Wilson,* 96 Ind. 253.

In an action for money had and received there need be no privity of contract proved, other than such as arises out of the fact that the defendant has received the plaintiff's money under circumstances which make it against conscience that he should retain it.  *Walker* v. *Conant,* 65 Mich. 194 ; *People* v. *Speir,* 77 N. Y. 144 ; 3 Am. & Eng. Encyc. of law, 860.

" If one man has obtained money from another through the medium of oppression, imposition, extortion, or deceit, such money is, in contemplation of law, money received for the use of the injured party." *McQueen* v. *State Bank*, 2 Ind. 413. In such a case the law implies a promise on the part of him who is in the wrong to return the money to the lawful owner; 4 Wait's Actions and Def. 469, 470, 471.

The application of the principles above stated justify the judgment. We have found no error.

The judgment is affirmed, with costs.

