## WARWICK v. THE STATE.

[No. 2,407. Filed April 1, 1897.]

PROVOCATION.—*Assault and Battery.*—Where words reasonably calculated under the circumstances to provoke the party to whom they are addressed are used, the court or jury trying the cause will be justified, in the absence of evidence to the contrary, in inferring the intent from such fact. *p. 336.*

JUDGMENTS.—*Presumptions in Favor Of.*—Presumptions essential to support the judgment are indulged in favor of the court trying the cause. *p. 336.*

PROVOCATION.—*Assault and Battery.*—*Present Ability.*—*Statute Construed.*—The phrase "who has the present ability to do so" as used in section 2067, Burns' R. S. 1894 (1983, R. S. 1881), is held to mean that the person to whom such phrase applies is free from physical impediment or restraint which might prevent him at the time from striking or attempting to strike, or to do other violence to the person giving the offense. *pp. 336, 337.*

SAME.—*Assault and Battery.— Judgment.— Statute Construed.*—A finding in a judgment that defendant is guilty of provocation as charged in the affidavit, the affidavit charging that "the defendant did * * * by words, signs and gestures, provoke and attempt to provoke G to commit an assault and battery on the prosecuting witness," etc., is proper if the court found defendant guilty either of a provoke or an attempt to provoke an assault and battery, as the same punishment is, under section 2067, Burns' R. S. 1894 (1983, R. S. 1881), affixed to either offense. *p. 337.*

From the Howard Circuit Court. *Affirmed.*

*Joseph C. Herron* and *Frank N. Stratton,* for appellant.

*W. A. Ketcham,* Attorney-General, *Merrill Moores, B. F. Harness* and *W. R. Voorhis,* for State.

COMSTOCK, C. J.—This prosecution was instituted by the State against appellant before a justice of the peace, under section 2067, Burns' R. S. 1894 (1983, R. S. 1881). The trial before the justice resulted in a conviction. An appeal was taken to the circuit court, where appellant was again convicted.

The error assigned is in overruling appellant's motion for a new trial.

The section of the statute upon which the prosecution is based, is in the following language: "Whoever by words, signs or gestures, provokes or attempts to provoke another, who has the present ability to do so, to commit an assault or assault and battery upon him, is guilty of criminal provocation," etc., etc.

The affidavit charged that "the defendant did　＊　＊　＊　by words, signs and gestures, provoke and attempt to provoke Joseph W. Gregg to commit an assault and battery on the said prosecuting witness, he, the said Gregg, having then and there the present ability to commit such assault and battery."

Two crimes are defined by the section of the statute, the provoking of an assault, or an assault and battery, and the attempt to provoke an assault, or an assault and battery. In the one, the provocation is followed by an assault and battery, or an assault, and in the other an unsuccessful attempt is made to provoke an assault, or an assault and battery. To constitute either offense, the party towards whom the words, signs or gestures are used or made, must, as claimed by appellant, have the present ability to commit the offense which it is intended to provoke.

The intent is an essential element of either of these offenses. It may be proved like any other material fact by positive or circumstantial evidence.

Appellant contends that there is no evidence showing the necessary intent on the part of the defendant.

The question of intent was one to be determined by the court or jury trying the cause.

If words reasonably calculated under the circumstances to provoke the party to whom they are addressed are used, the court or jury trying the cause will be justified, in the absence of evidence to the contrary, in inferring the intent from such fact. Presumptions essential to support the judgment are indulged in favor of the court trying the cause.

The material facts shown by the evidence are, in brief, as follows: The prosecuting witness, acting as a merchant policeman, clothed with the power to make arrests for the breach of the peace, at the request of a citizen of the city of Kokomo, separated a man and the defendant who were quarreling upon a public street in said city. After having separated these parties, he ordered the defendant, who persisted in continuing to quarrel, to go to her home, threatening to arrest her if she did not do so. She at first refused, but very soon thereafter moved away from the place where she had been standing, and while so doing, and when some thirty feet from the prosecuting witness, twice called him by a vile and opprobrious name. He was irritated and provoked, but made no attempt to approach nor strike her. There was no obstacle in the way of his going to, or taking hold of her.

The defendant introduced no testimony.

From these facts, the court found that the defendant intended to commit the offense with which she was charged. Appellant contends that the evidence fails to show that the prosecuting witness had the present ability to commit an assault upon the defendant.

Whether "present ability" exists must depend upon the circumstances of each particular case. Yet we think a reasonable interpretation of the words of the

statute "having the present ability" is that the person to whom they are applied is free from physical impediment or restraint which might prevent him at the time from striking or attempting to strike, or do other violence to the person giving him offense. At a distance of thirty feet, unobstructed, the prosecuting witness, free from physical restraint, had, in the opinion of the court the present ability to commit an assault and battery, or an assault, upon the defendant. The time in which he might have traversed the distance between himself and the defendant could have been estimated in seconds.

While there are two offenses defined in the statute, the commission of either, constitutes criminal provocation. The judgment in the case at bar is that the defendant is guilty of provocation as charged in the affidavit. This form of judgment would be proper if the court found from the evidence the defendant guilty either of a provoke or an attempt to provoke an assault and battery, the language of the statute being, "Whoever * * . * provokes or attempts to provoke * * * is guilty of criminal provocation." The same punishment is affixed to either; so that by the form of the judgment the defendant is not harmed if the evidence proved her guilty of either of the offenses defined in the statute.

We have carefully considered the able briefs submitted by counsel in this case, and given due weight to the arguments therein presented, and find no error in the record.

Judgment affirmed.