## HAWKINS *v.* STATE OF INDIANA.

[No. 23,065.   Filed June 28, 1916.]

1. CRIMINAL LAW.—*Conspiracy.—Declaration of Coconspirator.— Admission of Improper Evidence.—Presumption of Prejudice.—* On a prosecution for conspiracy to commit a felony, statements made by one of the coconspirators after the consummation of the alleged conspiracy, and in the absence of the defendant, are inadmissible, except against the person making them, and the error in admitting such statements is presumed to be harmful until the contrary is shown. p. 149.

2. CRIMINAL LAW.—*Conspiracy.—Evidence.—Other Offenses.—* In a prosecution for conspiracy to commit a felony, evidence that the defendant had entered into similar conspiracies with others than those named with him in the indictment is inadmissible. p. 150.

From Vanderburgh Circuit Court; *E. H. Ireland*, Judge.

Prosecution by the State of Indiana against A. Jay Hawkins. From a judgment of conviction, the defendant appeals. *Reversed.*

*Robinson & Stillwell* and *H. W. Kamman*, for appellant.

*Evan B. Stotsenburg*, Attorney-General, *Omer S. Jackson* and *Wilbur T. Gruber*, for the State.

Erwin, J.—Appellant was convicted of the crime of conspiracy to commit a felony. The indictment charges that appellant, with one Ohlrogge, conspired to commit the larceny of certain personal property belonging to James C. Hamilton and Edith Hamilton, partners in trade, doing business under the firm name and style of The Empire Furniture Company.

Many questions are presented under the assignment that the court erred in overruling the motion for a new trial. These include alleged errors in giving instructions; refusal to give instructions tendered by appellant; the admission of certain evidence pertaining to other similar crimes; and that the verdict of the jury is contrary to law, and not sustained by sufficient evidence.

In the trial of the cause James C. Hamilton was called as a witness for the State and gave testimony as to the selling of the goods in question to Ohlrogge and the terms, etc. This witness was then asked to state a conversation had with Ohlrogge, an alleged coconspirator of appellant, after the return of the indictment in this case, and at a time when the conspiracy, if any, had been consummated and after the acts which were the gravamen of the offense charged had been fully performed. This conversa-

tion was had in the jail where said Ohlrogge was confined and in the absence of appellant. The statement by the witness as to the conversation with Ohlrogge was to the effect that appellant had let him. Ohlrogge, have $10 to make the first payment on the furniture and had let him have $5 more, and that appellant was supposed to sell the furniture and divide the money between them. To the introduction of this evidence appellant made timely objections, "that this statement if any was made was in the absence of appellant and made after the alleged conspiracy had ceased to exist." This objection was overruled and proper exceptions saved

This was an erroneous ruling, and will be presumed to be harmful unless the contrary appear.

1. _Cleveland, etc., R. Co._ v. _Case_ (1910), 174 Ind. 369, 91 N. E. 238; _Miller_ v. _State_ (1910), 174 Ind. 255, 259, 91 N. E. 930. " 'The authorities go to the proposition that the acts or statements competent to be proved must have been done or made in the prosecution of the criminal conspiracy, or in the furtherance of the object or common design of the conspiracy. * * * There is another limitation on the rule admitting the declaration of a co-conspirator as evidence. This limitation is to the effect that declarations made by one of the conspirators after the conspiracy has been effected and the crime perpetrated * * * are not admissible in evidence against any except the persons making them.' " _Baker_ v. _State_ (1910), 174 Ind. 708, 713, 93 N. E. 14; Elliott, Evidence §§2943-2944; 3 Greenleaf, Evidence (16th ed.) §94; _Moore_ v. _Shields_ (1889), 121 Ind. 267; 23 N. E. 89; _Ford_ v. _State_ (1887), 112 Ind. 373, 382, 14 N. E. 241; _Card_ v. _State_ (1887), 109 Ind. 415, 9 N. E. 591. Mr. Justice Mitchell, in the case of _Moore_

v. *Shields, supra,* says: "If the conspiracy has not yet been formed, or if it has ended by the consummation of the criminal design, mere admissions or narrations of what has taken place, which had no tendency to promote the common design, are not admissible against those who were not present when the admissions were made."

Complaint is made that the court permitted the State to prove other transactions of similar character, i. e., conspiracies with persons other than Ohlrogge to commit other larcenies, or to obtain other personal property than that alleged in the indictment. This evidence was of statements made by an alleged coconspirator in the absence of appellant, and was erroneously admitted for that reason. This was hearsay in its nature and incompetent in addition to the fact that any statement made by a coconspirator after the consummation of the conspiracy was not binding on appellant; besides, as was said by this court in *Porter* v. *State* (1909), 173 Ind. 694, 703, 91 N. E. 340, citing *Dunn* v. *State* (1903), 162 Ind. 174, 70 N. E. 521: " 'The law will not permit the State to depart from the issue, and introduce evidence of other extraneous offenses of misconduct that have no natural connection with the pending charge, and which are calculated to prejudice the accused in his defense.' " (Citing a number of cases.)

It must be remembered that this is not an indictment for the crime of larceny, but is a charge of entering into a conspiracy with a certain other person to commit the crime of larceny, and it would be no more competent to introduce the evidence of other conspiracies than it would be to show in a charge of rape that the defendant had committed the same crime upon another person at some other time and place. A defendant, when

placed upon trial for a particular offense, is entitled to know the charge he is called upon to meet, and evidence of another crime will not support the allegations of the indictment. Of course, we are aware that there is a class of cases where the acts of a person charged with a particular crime may be susceptible of two constructions, one of guilt, and the other of innocence, and, in such cases, acts of a similar character may be shown, but conspiracy, the charge in this case, is not of that character. We are of the opinion that the court erred in admitting this testimony. If the testimony offered were of similar acts of the conspirators charged in this indictment a different question would be presented, but the gravamen of this charge is the unlawful agreement of the parties charged, and it is not competent to show in support of this conspiracy that appellant entered into unlawful agreements with others than the one named in the indictment, or committed other larcenies upon other occasions.

Other questions are presented, but in view of the conclusion reached and in view of the fact that the Attorney-General insists that they are not properly presented in the briefs, and the further fact that they may not arise in a subsequent trial, we do not deem it advisable to extend this opinion to consider them. The judgment is reversed, with instructions to grant a new trial, and the clerk of this court is directed to issue the usual order for the return of appellant to the sheriff of Vanderburgh county.

NOTE.—Reported in 113 N. E. 232. See under (1) 12 Cyc 439; 8 Cyc 680. Admissibility of evidence of other crimes, note 62 .L. R. A. (N. S.) 194. Nature and elements of crime of conspiracy 3 Am. St. 475.