E. C. FISH, Appellee, v. E. C. WHITE et al., Appellants.

CORPORATIONS:  Sale of Unauthorized Stock—Personal Liability.
1  The sale of corporate shares of stock which, without the knowl-
edge of the purchaser, have been issued for unappraised prop-
erty other than money, is a fraud, and the corporate officers
participating in such sale are personally liable for the return
of the consideration paid, even though they derived no personal
advantage from the sale. (Sec. 1641-b, Code Supp., 1913.)

ACTIONS:  Joinder—Joint Wrongdoers. Parties liable for the same
2  wrong and in the same sum are properly joined in one action.

TRIAL:  Disputed Fact Issue—Directed Verdict. Verdict must not
3  be directed when the evidence on a material issue is fairly in
dispute.

*Appeal from Polk District Court.*—HUBERT UTTERBACK,
Judge.

JANUARY 20, 1920.

ACTION at law to recover damages alleged to have been
occasioned by the fraud and deceit of the defendants in the
sale to plaintiff of certain shares of corporate stock. There
was a directed verdict for the plaintiff, and the defendants
appeal.—*Modified and affirmed.*

*W. L. Ryan,* for appellants.

*J. G. Myerly,* for appellee.

PER CURIAM.—This is the second appeal in this case.
The first appeal was from the action of the court in direct-
ing a verdict for the defendants. On that appeal, the case
was reversed and remanded. See *Fish v.
White,* 180 Iowa 1176. The case is now be-
fore us on appeal from the action of the
court in directing a verdict for the plain-
tiff. The opinion filed in the former appeal
states substantially the issues submitted on this trial, in

1. CORPORATIONS:
sale of un-
authorized
stock: personal
liability.

so far as the question here under consideration is involved, and the evidence is substantially the same. For the issues and facts, see our former opinion.

At the conclusion of all the evidence, the plaintiff asked the court to instruct the jury to return a verdict for the plaintiff for the sum of $1,200, being the amount which the undisputed evidence shows the plaintiff paid for 12 shares of stock purchased by him from defendants, together with 6 per cent interest per annum, for that the undisputed evidence shows the plaintiff entitled to recover at least that amount from the defendant. This motion was sustained, and the jury directed to return a verdict for the plaintiff for the $1,200 and interest, and for $330, balance due on wages, together with interest thereon, the court saying:

"I want the record to show that, eliminating the question of fraud and false representations, I am deciding this motion of the issue as to whether or not the stock was issued without authority. * * * I want it understood that this case is not decided on the question of false and fraudulent representations, but on the theory that the stock had been authorized by law: that is, that the statute with reference to appraisement was not complied with."

The jury returned a verdict for the plaintiff for $1,778.31, and judgment was entered upon that verdict.

It is not disputed in this case that the plaintiff paid $1,200 for stock in the corporation of which the defendants were officers; that he purchased this stock from the defendants; that the defendants were president and secretary of the company. It appears without dispute that, prior to the organization of the corporation, a partnership existed between one Cline and these defendants; that, subsequently, the corporation was organized, and the property of the partnership turned in to the corporation, and stock issued to the original partners on the strength of the property so turned in to the corporation. This property was never ap-

praised, as required by Section 1641-b, Code Supplement, 1913. It appears that the plaintiff did not know of this fact when this stock was sold to him.

That the officers of a corporation are personally liable for a fraudulent issue of stock, or stock issued in violation of law, has been settled by this court. *Sykes v. Pure Food Cider Co.*, 157 Iowa 601. When the defendants incorporated and took over the personal property belonging to the partnership, and issued stock, without having the property appraised by the executive council, the stock issued was issued in violation of the statute hereinbefore set out. In issuing the stock, there was an implied representation that the statute had been complied with. The implied representation was that the stock had been fully paid for in cash. In the *Sykes* case, supra, it was held that the issuance of certificates of stock was a representation that the corporation had received par value therefor, as exacted by the statute, and the officers issuing the stock are responsible to the persons dealing directly with it, and to all who deal with the stock in reliance upon the representations so made. And it was further held in that case that it is immaterial whether the officers issuing the stock profit by the issuance personally or not; that a showing that they received personal benefit from the issuance of the stock is not necessary to render them liable.

The right of the plaintiff to recover damages for the fraud so practiced upon him in issuing the stock to him is settled by what is said in *Fish v. White*, supra; and certainly the fair measure of his damages is the amount he actually paid for the stock, with 6 per cent interest from the date of payment. Assuming that these officers were simply the agents of the corporation in doing what they did in inducing plaintiff to do this, assuming that, after they received the money, they paid it to the corporation, they still remained liable to the party from whom the mon-

ey was received. The money was obtained through their fraud, and to them the plaintiff may look for redress. *Wright v. Eaton,* 7 Wis. 595; *Bocchino v. Cook,* 67 N. J. L. 467 (51 Atl. 487); *Moore v. Shields,* 121 Ind. 267 (23 N. E. 89); *Shipherd v. Underwood,* 55 Ill. 475.

The defendants were both liable for the same wrong and in the same sum. The court did not err in overruling defendants' motion to dismiss as to one of the defendants, and in refusing to require plaintiff to file separate suits.

**2. ACTIONS: joinder: joint wrongdoers.**

However, the court allowed the plaintiff to recover for the balance of wages due him from the corporation. There was a question as to whether he was induced to enter into the employment of the corporation by any fraud practiced upon him by these defendants. There is a question, and there is dispute in the record, as to whether or not these defendants guaranteed or assumed in any way the payment of these wages personally.

**3. TRIAL: disputed fact issue: directed verdict.**

We think the court erred in directing a verdict as to wages; but, as plaintiff has consented to a reduction of the amount allowed for wages, the judgment is, therefore, ordered reduced by that amount. In other respects, we think the action of the court is supported by the record.

So far as it involves the $1,200 and interest, it will be allowed to stand; but, as to the wage question, the judgment entered is reduced by that amount.—*Modified and affirmed.*