EUGENE DIGGS AND CURLEAN WILLIAMS *v.* STATE OF INDIANA.

(No. 376S82. Filed July 21, 1977. Rehearing denied September 27, 1977.)

*John J. Roper*, of South Bend, for appellants.

*Theodore L. Sendak*, Attorney General, *John P. Avery*, Deputy Attorney General, for appellee.

PRENTICE, J.—Defendants (Appellants) Eugene (Boogie) Diggs and Curlean (Stringbean) Williams were tried by jury and convicted of delivery of a controlled substance and of conspiring to deliver a controlled substance. Each was sentenced to twenty (20) years imprisonment and fined $2,000.00 upon the delivery conviction and to imprisonment for not less than two (2) nor more than fourteen (14) years and fined $5,000.00 upon the conspiracy conviction. By their appeal to this Court, they charge the following errors:

1. The indictments were not sufficiently certain to permit defendants to anticipate and prepare for their defense.

2. The State did not turn over recorded and written statements of witnesses.

3. The State did not lay proper foundation prior to the admission of evidence of conspiracy to deliver a controlled substance.

4. The verdict was not supported by sufficient evidence and is contrary to law.

## ISSUE I

The motion to correct errors and the defendants' brief relative to this claim of error is limited to the conspiracy count of the indictment. In essence, it is charged that the count was so vague as to prevent the defendants from distinguishing the charge from other violations and not with sufficient particularly as would enable the defendants to pre-

pare their defense and determine the admissibility of anticipated evidence.

Defendants' motion to correct errors, in this regard, was procedurally defective in that it cites the Court to no error or other grounds known to us but merely alleges that the conspiracy count of the indictment was not stated with sufficient certainty. With some difficulty, we regard this as a charge that the court erred in overruling their motion to dismiss the indictment based upon the same allegation. When so viewed, we, nevertheless, find no error.

The defendants appeared in person and by counsel on May 30, 1975, were arraigned and entered pleas of not guilty upon all counts. A motion to quash the indictment was filed on June 3rd and on July 28th the motion to quash was withdrawn, presumably because of the enactment of Rules of Criminal Procedure enforced July 26, 1973, abolishing such motions. At the same time, the defendants filed a motion to dismiss, charging the same deficiencies as did the motion to quash. In this instance, the distinction between the two motions being one in name only, we could properly regard the June 3rd motion as one to dismiss and the July 28th motion as an amended motion. Nevertheless, such motion, under the statute, was required to be filed prior to arraignment and plea. Ind. Code § 35-3.1-1-4(b). This is in keeping with our case law relative to motions to quash. *Joy* v. *State,* (1860) 14 Ind. 139; *West* v. *State,* (1874) 48 Ind. 483; *Epps* v. *State,* (1885) 102 Ind. 539, 1 N.E. 491.

There is nothing in the record to indicate that the trial court considered the motion upon its merits. It was not required to do so. We conclude that the motion was denied summarily, as not timely filed, which is specifically authorized by the statute.

## ISSUE II

Under this assignment, the defendants complain of the State's failure to produce written and recorded statements

given by Karen Sawyer and Danny Robbins, as requested. The motion to correct errors is not addressed to such statements. Nor has counsel advised us of when or by what manner such statements were requested—or even if such statements had, in fact, been given. It further appears, from defendants' brief, that the State denied the existence of such statements. Obviously, the State could not produce statements that were not in existence. We deem any question attempted to be raised under this assignment to have been waived for failure to include it in the motion to correct errors. Ind. R. Tr. P. 59 (G).

## ISSUE III

By their briefs, the defendants assert that the State did not lay a proper foundation prior to the admission of evidence of conspiracy to deliver a controlled substance.. The argument upon this point relates to the order of proof, i.e. that evidence of the conspiracy should have preceded the introduction of evidence of the crime. The authorities cited related to the "chain of custody" requirement—an altogether different matter. One exception is *Dye* v. *State*, (1891) 130 Ind. 87, 29 N.E. 771, which counsel has apparently misread. The head note to that case does, indeed, state: "The declarations of a receiver of stolen goods are not admissible against the thief, unless it is *first* shown that a conspiracy existed between the former and the latter." (Emphasis added). Such is not the holding of the case, however. In the text of the opinion it is written: "* * * We have not been shown *any* evidence tending to establish a conspiracy, nor have we been able to find *any*." (Emphasis added). The case does not stand as authority for the defendants' proposition.

The rule generally excluding evidence of acts or declarations of a co-conspirator made during the pendency of the conspiracy (*Card* v. *State*, (1886) 109 Ind. 415, 419) is not a rule relative to the order of proof. Rather, it is a rule of relevance.

The order of proof lies largely in the discretion of the trial judge. *Jones* v. *State,* (1942) 220 Ind. 384, 390, 43 N.E.2d 1017. We find no clear error in this regard nor have we been cited to objections in the record where the defendants entered objections to the order in which the State's evidence was presented or to any motions to strike any of the State's evidence.

Assuming that this contention is intended to be addressed to the erroneous admission of irrelevant and prejudicial evidence, neither the motion to correct errors nor the defendants' brief is sufficient for such purpose.

## ISSUE IV

Defendants were charged and convicted of delivery of a controlled substance (heroin) and of conspiracy to deliver a controlled substance (heroin). Only the conspiracy convictions are challenged and argued on appeal under this assignment. Any question regarding the sufficiency of the evidence to sustain the "delivery" verdicts are, therefore, deemed waived under Ind. R.Ap. P. 8.3 (A).

The defendants' argument as to the insufficiency of the evidence does not reckon with the fundamental rule of appellate review. "When the sufficiency of the evidence is raised as an issue upon appeal, this Court will consider only that evidence of probative value most favorable to the State, together with all logical and reasonable inferences which may be drawn therefrom. If such evidence and inferences would permit a reasonable trier of fact to find the existence of each element of the crime charged beyond a reasonable doubt, the verdict will not be disturbed." *Baum* v. *State,* (1976) 264 Ind. 421, 345 N.E.2d 831, 834.

Looking to the evidence favorable to the State, we find that on Christmas Day 1974, Danny Robbins and Karen Sawyer went to Diggs' house. Williams was present. Diggs gave Robbins and Sawyer two capsules of heroin. Robbins testified:

"And the second time we went back that day was around —best I can remember it was around 12:30 or 1:00 o'clock, and they were—Boogie (Diggs) and String (Williams) and a couple girls in the front room and another guy in the kitchen, they were having a party. They asked me if I wanted a drink or whatever, but I didn't drink at the time so I didn't take any. And so, we were just sitting around the living room and I asked Boogie if he had any dope and he said yes. I asked him could I buy some, and he looked over to String, String gave him the nod, and then I looked back at Boogie then and Boogie walked over and he said—don't remember exactly what he said to Karen, but he gave Karen a cap of dope and said it was for Christmas. And he was messing with me, you know, he went over and sat back down for a second and then couple minutes later he came over and gave me a cap.

"Question: And did you use the dope you obtained that day?

"Answer: Yes.

"Question. Did you cook it?

"Answer: Yes.

"Question: Did you inject it?

"Answer: Yes.

"Question: And what sort of injection did you get?

"Answer: Well, it was heroin, it was heroin. I got the effect from heroin from it pretty good, but they weren't as good as the dope had been the previous day." (Tr. p. 257-258).

The elements of conspiracy are set out in *Robertson* v. *State*, (1952) 231 Ind. 368, 108 N.E.2d 711, 712:

"In order to be a conspiracy there must be an intelligent and deliberate agreement to commit the offense charged. It is sufficient if the minds of the parties meet understandingly to bring about an intelligent and deliberate agreement to do the acts and commit the offense, though the agreement is not manifest by any formal words. Concurrence of sentiment and co-operative conduct in the unlawful and criminal enterprise are the essential ingredients of criminal conspiracy. There must be an agreement and there must be evidence to prove the agreement directly, or such a state of facts that an agreement may be legally inferred. * * *"

The evidence was sufficient to sustain the guilty verdict upon the conspiracy charge.

We find no reversible error, and the judgments of the trial court are affirmed.

Givan, C.J., and Hunter and Pivarnik, JJ., concur; DeBruler, J., concurs and dissents with opinion.

## CONCURRING AND DISSENTING OPINION

DeBruler, J.—Appellants were charged in two separate counts. The two counts joined by the prosecution in the indictments were for conspiracy to deliver heroin and outright delivery of heroin. The object of the conspiracy was the delivery of heroin to Robbins and Sawyer. The conduct of appellants in joining together with the purpose of making this delivery occurred in their apartment at the same time that Robbins and Sawyer were there and actually received the drugs. Under these circumstances the conspiracy should be deemed merged in the substantive offense which was the object of the conspiracy. And this result should obtain even though an acquittal for such a substantive offense may not bar a charge and a trial for the conspiracy to commit that substantive offense. *State* v. *Elder*, (1879) 65 Ind. 282. And this result should obtain even though appellants have not raised the merger issue. *Pinkler* v. *State*, (1977) 266 Ind. 467, 364 N.E.2d 126; *Swininger* v. *State*, (1976) 265 Ind. 136, 352 N.E.2d 473, 479. Upon application of the principle of merger, I would reverse appellants' convictions for conspiracy.

However, I join with Justice Prentice and the majority in affirming appellants' convictions for delivery of a controlled substance.

Note.—Reported at 364 N.E.2d 1176.