**Cheryl EVANS, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

**No. 1–1181A319.**

Court of Appeals of Indiana,
First District.

May 12, 1982.

R. Steven Prifogle, Fran F. Koski, Bloomington, for appellant.

Linley E. Pearson, Atty. Gen., Dan S. LaRue, Deputy Atty. Gen., Indianapolis, for appellee.

ROBERTSON, Judge.

Cheryl Evans (Evans) was convicted of a class C infraction, provocation, Ind.Code 35–42–2–3, before a bench trial in Monroe County.

We reverse and remand.

The facts most favorable to the State reveal that Evans and a companion were walking southward on South Walnut Street in Bloomington near its intersection with East Wylie Street. Captain James Inman (Inman) of the Monroe County Sheriff's Department was proceeding north on South Walnut when he encountered Evans. Inman admitted that the passenger window was rolled up. He testified that he saw Evans lean towards the street where he partially heard her say and partially read her lips to say "fucking pig" or "fucking prick". The epithet was directed to Inman. Inman further testified that he thought Evans might need assistance so he stopped his vehicle, backed up, got out of the vehi-

cle, and then confronted Evans. Evans was arrested and convicted of provocation for her comments to Inman.

On appeal, Evans alleges that the trial court erred by not granting her motion to dismiss, that there was insufficient evidence to sustain her conviction, and that IC 35–42–2–3 is unconstitutional.

▬ Evans filed her motion to dismiss the information after being arraigned and entering her plea of not guilty. Evans failed to properly preserve this issue for appeal because the motion was not filed prior to her arraignment and plea. *See,* Ind.Code 35–3.1–1–4, *Diggs v. State,* (1977) 266 Ind. 547, 364 N.E.2d 1176.

Evans alleges the evidence is insufficient to sustain her conviction. The statutory language delineating the offense of provocation is contained in IC 35–42–2–3, which provides:

A person who recklessly, knowingly, or intentionally engages in conduct that is likely to provoke a reasonable man to commit battery commits provocation, a Class C infraction.

Evans argues that the facts do not support her conviction because there was no showing of an immediacy of a battery by Inman.

The prior statute and case law required a showing that the victim of the provocation must have had the physical capacity to commit battery. *See, Warwick v. State,* (1897) 17 Ind.App. 334, 46 N.E. 650. Evans contends that such a requirement must also be included in the offense or the statute will be overly broad and unconstitutional.

▬ Evans is correct in her assertion that statutory language restricting speech must be carefully drafted not to impinge upon rights guaranteed by the First Amendment. The Supreme Court has stated:

The constitutional guarantees of freedom of speech forbid the States to punish the use of words or language within "narrowly limited classes of speech". The line between speech unconditionally guaranteed and speech which may legitimately be regulated, suppressed, or punished is finely drawn. In other words, the statute

must be carefully drawn or be authoritatively construed to punish unprotected speech and not be susceptible of application to protected expression. (Citations omitted).

*Gooding v. Wilson,* (1972) 405 U.S. 518, 92 S.Ct. 1103, 31 L.Ed.2d 408.

▬ The crime of provocation is discussed in *The Governor's Conference on the Indiana Penal Code,* where it states:

This crime is committed by instigating another to commit battery against any person. A defendant need not actually know his conduct would cause another to commit battery, it is enough that the defendant should know that it would. The crime encompasses numerous situations; but most commonly will punish someone who provokes a fight.

The statute is designed to punish individuals who instigate or provoke another to commit battery. We believe that the language "likely to provoke a reasonable man to commit battery" naturally implies a condition that the victim of the verbal harassment must have the present capacity to commit battery. We believe that this interpretation is not only consistent with the precedent of *Warwick v. State, supra,* but is also consistent with the constitutional provisions necessary to protect free speech.

▬ The State argues that Evans's epithet constitutes "fighting words" and thus, is not protected speech. In *Chaplinsky v. New Hampshire,* (1942) 315 U.S. 568, 62 S.Ct. 766, 86 L.Ed. 1031, the Supreme Court held that "fighting words—those which by their very utterance inflict injury or tend to invite an immediate breach of the peace" were not protected speech. The characterization of the epithet as fighting words evidences the State's recognition that the immediacy requirement must be read into the statute. In *Hess v. Indiana,* (1973) 414 U.S. 105, 94 S.Ct. 326, 38 L.Ed.2d 303, the Supreme Court reversed a disorderly conduct conviction, 260 Ind. 427, 297 N.E.2d 413, because there was no showing that the defendant's language was intended to provoke imminent disorder. The rationales of *Chaplinsky, supra; Gooding, supra* ; and

*Hess, supra,* demonstrate the necessity for an immediacy requirement in regulating speech. The legislative intent surrounding IC 35–42–2–3 was to enact a statute to punish those who instigate fights. We believe that an immediacy requirement must be part of IC 35–42–2–3 or statute will be overly broad and have a chilling effect upon speech.[1]

In applying the facts to the present situation, the evidence is insufficient to show that Inman had the physical capacity to commit battery. Although Inman was in close proximity to Evans, he was driving his vehicle in the opposite direction with the passenger window rolled up. He only partially heard Evans and had to stop his automobile, back his vehicle to where he found Evans, stop, park the vehicle, and then get out of the vehicle and confront Evans. While it cannot be disputed that Inman could accomplish these actions in a relatively short period of time, our review of the evidence fails to support a finding that a well trained police officer would commit battery in this situation.[2] The evidence most favorable to the State reveals that Inman stopped to investigate because he thought Evans might need assistance. There was no showing that Inman was provoked to batter Evans.

The judgment is reversed and remanded for proceedings not inconsistent with this opinion.

RATLIFF, P. J., and NEAL, J., concur.

1. It can be argued that if the Legislature had intended to include a requirement that the victim have the present capacity to batter the provoker, it would not have altered the prior statutory language; however, it is our duty if the language of the statute supports a construction which is constitutional, then the construction must be adopted. *Wallman v. State,* (1981) Ind.App., 419 N.E.2d 1346.

2. Captain Inman is to be congratulated for his restraint in arresting Evans. It is a sad commentary of our modern society that law enforcement officers must be subjected to insults such as those used in the present case. However, it appears that IC 35–42–2–3 would rarely be an appropriate offense to charge someone with because law enforcement officials while on duty, should be able to control their actions. *See, Village of Salem v. Coffey,* (1905) 113 Mo.App. 675, 88 S.W. 772.