**Jay Anthony CHRISTOPHER, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 71S00–8803–CR–314.**

Supreme Court of Indiana.

Dec. 14, 1988.

Paul James Newman, South Bend, for appellant.

Linley E. Pearson, Atty. Gen., Jay Rodia, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

A jury trial resulted in the conviction of appellant of Conspiracy, a Class A felony, for which he received a sentence of forty (40) years, to be served consecutively to

any term received as a result of a parole violation in another case.

The facts are: On April 14, 1987, appellant met with undercover police officer John Szuba in a South Bend restaurant. Jim Hawkins, who was acquainted with appellant, was also present for the initial portion of the meeting. Hawkins had informed South Bend police officers that appellant was interested in obtaining murder for hire contracts. Officer Szuba played the role of a person seeking to hire a killer.

After Hawkins left, appellant told Szuba he was looking for a contract to kill and needed to earn some money. Szuba had a transmitter on his body; and the recorded conversation was later admitted into evidence as State's Exhibit No. 5. Appellant indicated his price and stated that he would use explosives to accomplish the killing. He stated that he would need a down payment to purchase an automobile and prepare for the job. Szuba told appellant that he would discuss it with his boss and get back with him.

The police officers and St. Joseph County Prosecutor Michael P. Barnes entered into an agreement that appellant would be approached with a proposition to murder Barnes. Officer Szuba obtained a photograph of Barnes and presented it and $1,000 in cash to appellant. Appellant advised him that the total price for the job would be $25,000 and that he was to receive $12,000 before the killing and the remainder when the job was completed. Appellant asked if the victim's family should be killed along with him, and they discussed the manner in which the victim was to be killed as well as the time it was to be completed. It was agreed that appellant was to receive the payment of $12,000 within three hours. As appellant walked away from this meeting, he was arrested and charged with conspiracy.

■ Appellant claims the trial court erred in allowing State's witness Sandra Van Lanningham to testify that she had met appellant in 1979 when she picked him up as he was hitchhiking, that he told her he was a "hit man," that he made his living killing people, and that he pointed a gun at

her and forced her to drive to a designated area where he left her.

Appellant takes the position that this incident was too remote in time and not connected with the instant charge; therefore, it should not have been admitted into evidence.

Appellant also claims the trial court erred in allowing State's witness Eric Abel to testify as to certain proceedings in the Vigo Superior Court. Abel, a former prosecuting attorney from Vigo County, was allowed to testify that appellant had made statements that he was a member of La Cosa Nostra and involved in contract killing. The transcript with this information from the Vigo Superior court was admitted into evidence. Appellant makes essentially the same objection to both incidents of evidence.

We acknowledge the general principle of evidence that criminal activity other than that charged is inadmissible. A recognized exception, however, is that evidence of unrelated criminal activity which is relevant to a fact at issue is not inadmissible merely because it tends to show guilt of another crime. *McManus v. State* (1982), Ind., 433 N.E.2d 775.

In the case at bar, appellant had attempted to explain his participation in the conspiracy by saying that he was intending to set up Szuba, who he believed was actually interested in killing the prosecuting attorney. As soon as he received the payment, he was intending to go to the FBI and disclose the entire situation. Having made this claim at the time of his arrest, it was entirely proper for the State to show appellant's background and alleged *modus operandi* as a contract killer in order to rebut his claim of seeking information to present to the FBI. Under these circumstances, it was not error to admit the testimony of Van Lanningham and Abel.

■ Appellant contends the trial court erred in allowing State's witness Karen Christopher, appellant's alleged wife, to testify as to the number of jobs she worked during the short period of time she lived with appellant. He also claims the trial

court erred in admitting evidence of his use of guns and to cross-examine him as to whether his wives were afraid of him. This evidence was admissible for the same reason as discussed in the preceding paragraph. The evidence to which appellant objects was legitimate to demonstrate that he was not gainfully employed and that he claimed to be a contract killer.

The cross-examination of appellant as to whether his wives were fearful of him came about by reason of his gratuitous testimony on direct examination that he never threatened his wives at any time. He thus injected the issue of his treatment of his wives. It was thus legitimate for the State to pursue that open door to attempt to ascertain the true situation. *Berkely v. State* (1986), Ind., 501 N.E.2d 399. We find no error in the admission of this testimony.

Appellant claims the verdict of the jury is not supported by sufficient evidence. From the evidence above recited, it is clear that although the police officers had no intention of carrying through a conspiracy to kill the prosecuting attorney, the jury could clearly find from the evidence that it was in fact appellant's intention to do so. This Court has previously decided, under the present criminal code of Indiana, the unilateral concept of a conspiracy is valid and a person who enters into an arrangement such as in the case at bar may be prosecuted for conspiracy. *Garcia v. State* (1979), 271 Ind. 510, 394 N.E.2d 106.

Notwithstanding appellant's explanation of desiring to report the incident to the FBI, the jury was in a position to weigh the evidence in its entirety and to find that the evidence supported the charge of conspiracy. This Court will not invade the province of the jury. *Wells v. State* (1982), Ind., 441 N.E.2d 458.

The trial court is affirmed.

PIVARNIK and DICKSON, JJ., concur.

DeBRULER, J., dissents with separate opinion in which SHEPARD, C.J., concurs.

DeBRULER, Justice, dissenting.

The elements of the crime of conspiracy are: (1) an agreement to commit a felony; (2) with intent to commit the felony; and (3) an overt act in furtherance of the agreement. *Ridgeway v. State* (1981), Ind.App., 422 N.E.2d 410. On the basis that it made the existence of appellant's intent to kill more probable, the State, over a relevancy objection, was permitted to introduce the fact that appellant, eight years before, had made statements about his occupation as a contract killer. In *Hawkins v. State* (1916), 185 Ind. 147, 113 N.E. 232, this court reversed a conviction for conspiracy to commit larceny because the trial court permitted the State to prove other transactions of similar character, i.e., conspiracies with persons other than the named conspirators to commit other larcenies. Justice Erwin wrote for the Court:

"If the testimony offered were of similar acts of the conspirators charged in this indictment a different question would be presented, but the gravamen of this charge is the unlawful agreement of the parties charged, and it is not competent to show in support of this conspiracy that appellant entered into unlawful agreements with others than the one named in the indictment, or committed other larcenies upon other occasions."

The crime of conspiracy belongs to that class which cannot be proved by acts of a similar character with others. Furthermore, the conspiracy charged here is not part of a conspiracy existing eight years in the past, when appellant threatened a lone woman in her car, and such past events cannot be deemed admissible on that basis. *Webster v. State* (1934), 206 Ind. 431, 190 N.E. 52. I would reverse and remand for a new trial at which appellant's former statements are excluded.

SHEPARD, C.J., concurs.